[No. 10,612.—Department One.]

## PEOPLE *v.* MARKS BRILLIANT.

PERJURY—INDICTMENT.—Where the indictment for perjury contains an express averment of the materiality of the oath, the indictment is sufficient unless it affirmatively appears from the other averments that it was immaterial.

APPEAL from a judgment in the Superior Court of Sierra County. HOWE, J.

*A. L. Hart*, Attorney-General, and *F. D. Saward*, District-Attorney for Sierra County, for Appellant.

*D. H. Cawden*, for Respondent.

McKINSTRY, J.:

The information is as follows: "Marks Brilliant is accused by the District-Attorney of Sierra County, State of California, by this information of the crime of perjury, committed as follows:

"1. On the 20th day of November, A.D. 1880, at the Justice's office in the town of Downieville, Sierra County, State of California, in the Justice's Court of Butte Township, County and State aforesaid, before W. B. Kimball, Esq., Justice of the Peace for said township, the case of *The People of the State of California* v. *Algie Romargi*, being pending, was duly called for hearing, said Algie Romargi, the defendant in said case, had been duly charged with having robbed Marks Brilliant in Sierra County, on or about October 1st, 1880, of eighteen dollars current coin of the United States. A warrant had been duly issued, and said Romargi arrested and brought before the said Justice of the Peace sitting as a magistrate upon the charge aforesaid, and said Justice of the Peace proceeded to examine witnesses and to take testimony in said case at the time and the place aforesaid.

"2. At the time and the place aforesaid, in the Court aforesaid, and in the said case of *The People of the State of California* v. *Algie Romargi*, said Marks Brilliant, defendant in this case, was duly sworn as a witness by W. B. Kimball, Justice of the Peace as aforesaid. That said W. B. Kimball, Justice of the Peace, as aforesaid, had at said time full power and authority to administer oaths, and at the time and place aforesaid duly administered an oath to said Marks Brilliant, and that under said oath to said Marks Brilliant said Marks Brilliant solemnly declared that he would tell the truth, the whole truth, and nothing but the truth, in the said case of *The People of the State of California* v. *Algie Romargi*.

"3. That said Marks Brilliant at the time and place aforesaid, and under the aforesaid oath, proceeded to give testimony as a witness in the said case of *The People of the State of California* v. *Algie Romargi*, and among other things, did unlawfully, falsely, knowingly, willfully, wickedly, corruptly, maliciously, and contrary to the aforesaid oath, state as true that he, Marks Brilliant, had never told any person that he (Bril-

liant) knew who had robbed him (Brilliant), and that he
(Brilliant) had never told any person that the young man at the
'Nigger Tent' (meaning Algie Romargi) had robbed him
(Brilliant), and that he (Brilliant) had never told any person
that the boy at the 'Nigger Tent' (meaning Algie Romargi)
had robbed him (Brilliant). Whereas in truth and in fact
said Marks Brilliant had told W. A. Green, before the afore-
said time of giving testimony, that the young man at the
'Nigger Tent' (meaning Algie Romargi) had robbed him
(Brilliant), that he (Brilliant) saw him at the time of the rob-
bery before he put his mask on and knew him, and whereas
in truth and in fact said Marks Brilliant had told Frank
Wehe, Charles Meany, W. Miles, A. L. Moore, and divers others
at different times prior to the aforesaid date of giving testi-
mony that he, Marks Brilliant, knew who had robbed him,
and that it was the boy at the 'Nigger Tent' (meaning Algie
Romargi).

"4. That the testimony given as aforesaid by the said Marks
Brilliant was material matter in the said case of *The People
of the State of California* v. *Algie Romargi*, contrary to the
form, force, and effect of the statute in such case made and
provided, and against the peace and dignity of the people of
the State of California."

To the information the defendant demurred generally.
The demurrer was sustained and judgment given for defend-
ant, from which the people have appealed.

The District-Attorney in the action *People* v. *Algie Ro-
margi* had the right to impeach the prosecuting witness. If
the defendant here, the prosecuting witness there, had made
the charge against Romargi and had informed the District-
Attorney that he knew and had recognized Romargi as the
person who committed the alleged robbery, and had then,
when placed on the stand, denied that he had any knowledge
that Romargi was the guilty party, the District-Attorney had
the right to inquire whether he had made the statements
mentioned in his questions. (1 Greenleaf's Ev. 444; 2 Phil-
lips Ev. 981–995.) It can not be disputed that if the
prosecution calls a witness to establish a certain fact, and the
witness, instead of swearing to the fact, swears to the direct
contrary, the prosecution is not estopped from proving the

fact by other witnesses. (Roscoe's Cr. Ev. 97.) It remains for the jury to determine whether the witness first called or the others have told the truth. If in such case the first witness has made statements out of Court contrary to his testimony and such as sustain that of the other witnesses, it is obvious that proof of such statements is material, because a question having no general bearing upon the matters in issue may be, and, in the case before us, is made material by its relation to the witness' credit. (Roscoe's Cr. Ev. 759, and cases cited.) A witness can not be *impeached* by showing that he has made statements inconsistent with his present testimony, unless his attention is called to time, place, persons, etc. (Code Civ. Proc. § 2052.) But while a party who inquires of a witness whether he has made a contradictory statement, without fixing time, place, and persons, must take his admission for the purposes of the pending trial, he is entitled to the benefit of the witness' testimony if he shall say that *he has* made such contradictory statements. In such case the admission of the witness is material as affecting the credibility of his testimony with reference to the material issues in the case. If the witness shall reply that he has not made the statements, his reply is certainly material. If, when the general question is put, the party against whom the witness has testified is not prepared to specify time and place, and he is, therefore, precluded from proving that contradictory statements have been made, the false denial of the witness is the more effective toward making the worse appear the better cause. If, in fact, he has made the statements, the question whether he has willfully sworn falsely in denying the statements, is a distinct one from the question whether his denial is material. At the subsequent trial for perjury the circumstance that the attention of the witness was not called to time, or persons, or place, should be considered by the jury, as tending to show that he did not remember the statements he had actually made. Nevertheless, if he had made the statements to a large number of persons, or under circumstances such as that the jury trying the perjury are satisfied beyond all reasonable doubt that he must have known when he denied the statements that he had in fact made them, the conviction for the crime of perjury may follow.

The information avers that the matter stated to be true by the defendant as a witness at the trial of *The People* v. Ro-margi was *willfully false,* and that it was material.

Whether false, or whether facts, which accord with the averments of the information, existed which made it *material,* are questions to be determined by the jury who shall try the present cause.

It has been said: "In indictments 'for perjury the materiality of the oath must be made to appear either by direct averment * * * or by setting forth facts that shall show the materiality of the oath charged to be false, for it has been held that if the materiality of the oath appear from the facts set forth in an indictment, it is sufficient without any express allegation upon the subject." (*State* v. *Marshall,* 47 Mo. 381.) Where the indictment or information contains an express averment of the materiality of the oath, the. indictment is sufficient unless it affirmatively appear from the other averments that it was immaterial. As against the averment that the testimony of defendant was to a material matter, we can not say that it was to a matter immaterial, because the other averments of the information do not show it.

Judgment reversed and cause remanded, with direction to overrule the demurrer.

Ross, J., concurred.

McKee, J., concurred in the judgment.