[No. 10,637.—Department One.]

THE PEOPLE v. MICHAEL KELLY.

INFORMATION FOR PERJURY.—The information charged in effect that the
defendant, in order to procure a license to authorize his marriage with
one Julia C., did, before a Deputy Clerk of the City and County of San
Francisco, "willfully, corruptly, falsely, and feloniously depose, swear,
and testify that the age of the said Julia C. was nineteen years;  *  *
 *  *  whereas in truth and in fact  *  *  *  the said Julia C. was un-
der the age of eighteen years, as he, the said Michael Kelly, then and
there well knew." A demurrer to the information was sustained in the
Court below, upon the ground that the information did not allege in
terms that the affidavit of the defendant, made before the Clerk upon
the application for a marriage license, was "material matter." Held:
The demurrer should have been overruled.

APPEAL from a judgment for the defendant upon a demur-
rer to the information in the Superior Court of the City and
County of San Francisco. FREELON, J.

No brief on file for appellant.

D. L. Smoot, District Attorney, for Respondent.

The demurrer to the information in this case was sustained
by Department Eleven of the Superior Court of San Fran-
cisco, upon the ground that the information does not allege,
in terms, that the affidavit of the defendant, made before the
Clerk upon the application for a marriage license, was "ma-
terial matter."

To lighten the labors of the Court as far as possible, it is
deemed advisable to insert the information and demurrer,
those sections of the Codes which bear upon this particular
act of perjury, and those sections which pertain to and gov-
ern the method of pleading it.

The information is as follows:

"The People of the State of California against Michael
Kelly, in the Superior Court of the City and County of San
Francisco, State of California, the 11th day of February, A. D.
eighteen hundred and eighty-one.

"Michael Kelly is accused by the District Attorney, by this
information, of the crime of felony, committed as follows:
The said Michael Kelly, on the 15th day of January, A. D.
eighteen hundred and eighty-one, at the said City and County

of San Francisco, then and there came before J. Whalen, a Deputy County Clerk of the said City and County of San Francisco, to procure a license to authorize the marriage of him, the said Michael Kelly, and one Julia Crowley.

"And thereupon, before the said J. Whalen, who was, at the time aforesaid, Deputy County Clerk of the said City and County of San Francisco, and who then and there had authority to administer such oath, he, the said Michael Kelly, did then and there, willfully, corruptly, falsely, and feloniously depose, swear, and testify that the age of the said Julia Crowley was nineteen years; that there were no legal objections whatever to the marriage, nor to the issuance of the license to authorize the same.

"Whereas, in truth and in fact, the age of the said Julia Crowley was not nineteen years, and there were legal objections to the marriage, and to the issuance of the license to authorize the same; and the said Julia Crowley was under the age of eighteen years, as he, the said Michael Kelly, then and there well knew.

"Whereby he, the said Michael Kelly, did then and there, as aforesaid, feloniously, willfully, and corruptly swear falsely, and feloniously commit willful perjury, contrary to the form, force, and effect of the statute in such cases made and provided, and against the peace and dignity of the People of the State of California.

"And the District Attorney doth charge that the said Michael Kelly, before the commission of the offense charged in this information, was, in the Municipal Criminal Court of said City and County of San Francisco, State of California, convicted of a felony, to wit, assault to rob; and the judgment of said Court against said defendant, on said conviction, was pronounced and rendered on the 4th day of October, A. D. 1879, and bears said last-mentioned date.

"D. L. Smoot,

"District Attorney of the said City and County of San Francisco."

The demurrer, after giving the title of the Court and the style of the cause, is as follows:

"Now comes the defendant and demurs to the information

on file herein, and for cause of demurrer alleges: 1. That said information does not substantially conform to Sections 950, 951, and 952 of the Penal Code of this State.    2. That said information does not state facts sufficient to constitute a public offense.        P. B. HOOD, Attorney for Defendant."

The Clerk was authorized to administer the oath concerning the age, etc., of the parties intending to marry, by the following section of the Civil Code, viz.:        ι

" Sec. 69. All persons about to be joined in marriage must first obtain a license therefor from the County Clerk of the county in which the marriage is to be celebrated, showing: 1. The identity of the parties.    2. Their real and full names and places of residence.    3. Their ages.    4. If the male be under the age of twenty-one, or the female under the age of eighteen years, the consent of the father, mother, or guardian, or of one having the charge of such person, if any such, be given; or that such non-aged person has been previously, but is not at the time, married.

" For the purpose of ascertaining these facts, the Clerk is authorized to examine parties and witnesses on oath, and to receive affidavits, and he must state such facts in the license. If the male be under the age of twenty-one years, or the female be under the age of eighteen, and such person has not been previously married, no license shall be issued by the Clerk, unless the consent, in writing, of the parents of the person under age, or of one of such parents, or of his or her guardian, or of one having charge of such person, be presented to him; and such consent shall be filed by the Clerk; provided, that the said Clerk shall not issue a license authorizing the marriage of a white person with a negro, mulatto, or Mongolian."

This most dangerous of all offenses is defined by the Penal Code in the following manner:

" Sec. 118. Every person who, having taken an oath that he will testify, declare, depose, or certify truly, before any competent tribunal, officer, or person, in any of the cases in which such an oath may by law be administered, willfully and contrary to such oath, states as true any material matter which he knows to be false, is guilty of perjury."

To facilitate the repression of this evil, which threatens the destruction of public confidence in all judicial conclusions based upon human testimony, the Penal Code furnishes the following special rule of pleading concerning it:

"Sec. 966. In an indictment or information for perjury, or subornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and in what Court and before whom the oath alleged to be false was taken, and that the Court or the person before whom it was taken had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is assigned; but the indictment or information need not set forth the pleadings, record, or proceedings with which the oath is connected, nor the commission or authority of the Court or person before whom the perjury was committed."

The following sections of the Penal Code prescribe general regulations as to the form and substance of indictments and informations:

"Sec. 950. The indictment or information must contain: 1. The title of the action, specifying the name of the Court to which the same is presented, and the names of the parties. 2. A statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended."

"Sec. 951. It may be substantially in the following form: The People of the State of California against A. B., in the Superior Court of the County of ——, the —— day of ——, A. D. eighteen ——.  A. B. is accused by the Grand Jury of the County of ——, by this indictment (or by the District Attorney, by this information), of the crime of (giving its legal appellation, such as murder, arson, or the like, or designating it as felony or misdemeanor), committed as follows: The said A. B., on the —— day of ——, A. D. eighteen ——, at the County of —— (here set forth the act or omission charged as an offense), contrary to the form, force, and effect of the statute in such case made and provided, and against the peace and dignity of the People of the State of California."

"Sec. 952. It must be direct and certain as it regards: 1. The party charged; 2. The offense charged; 3. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

The following sections of the Penal Code furnish the rules by which criminal pleadings are to be tested, and prescribe the limits within which relief may be granted as against real or alleged defects:

"Sec. 958. Words used in a statute, to define a public offense, need not be strictly pursued in the indictment or information, but other words conveying the same meaning may be used."

"Sec. 959. The indictment or information is sufficient if it can be understood therefrom: 1. That it is entitled in a Court having authority to receive it, though the name of the Court be not stated. 2. If an indictment, that it was found by a Grand Jury of the county in which the Court was held; or if an information, that it was subscribed and presented to the Court by the District Attorney of the county in which the Court was held. 3. That the defendant is named, or if his name can not be discovered, that he is described by a fictitious name, with a statement that his true name is to the jury or District Attorney, as the case may be, unknown. 4. That the offense was committed at some place within the jurisdiction of the Court, except where the act, though done without the local jurisdiction of the county, is triable therein. 5. That the offense was committed some time prior to the time of finding the indictment or filing of the information. 6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended. 7. That the act or omission charged as the offense is stated with such a degree of certainty as to enable the Court to pronounce judgment, upon a conviction, according to the right of the case."

That the clearness, distinctness, and certainty as to act, actors, and circumstances contemplated by this section, are only such as will satisfy the common understanding, and not such as will exclude the possible conclusions of the artistic

intellect, is supported by the following cases: *People* v. *Dolan,* 9 Cal. 576; *People* v. *Rodriguez,* 10 id. 50; *People* v. *White,* 34 id. 183; *People* v. *Williams,* 35 id. 671; *People* v. *Murphy,* 39 id. 53.

"Sec. 960.    No indictment or information is insufficient, nor can the trial, judgment, or other proceeding thereon be affected, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits."

"Sec. 1258.    After hearing the appeal, the Court must give judgment, without regard to technical errors or defects, or to exceptions, which do not affect the substantial rights of the parties."

To place it beyond controversy that the Penal Code alone is to be consulted as to the form and sufficiency of a criminal pleading, the Legislature has declared as follows:

"Sec. 948.    All the forms of pleading in criminal actions, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by this Code."

The obvious purpose of this last section, to do away with the common law tests, is recognized in *People* v. *King,* 27 Cal. 507; *People* v. *Ah Woo,* 28 id. 205; *People* v. *Cronin,* 34 id. 191; *People* v. *Dick,* 37 id. 277; *People* v. *Murphy,* 39 id. 52.

In the case of *People* v. *Cronin,* 34 Cal., at page 208, the Court said: "From the start this Court has uniformly held, in respect to indictments generally, that they are sufficient, in matter of averment, if they allege all the acts or facts which have been used by the Legislature in defining the particular offense charged. It has been so held, because such has been considered to be the rule adopted by the letter and spirit of the statute, by which proceedings in criminal cases are regulated." After reciting the equivalent of section 948, the Court proceeds: "If it is possible for the law-making department of the Government, in the face of the conservatism of the legal profession, which is too often blind, we fear, to abolish old forms and rules and establish new, it would seem to have been done by the Legislature of this State. To this conclusion the profession must come, and it must search

in the provisions of the statute for the form of an indictment and for the rules by which its sufficiency is to be determined rather than in the common law, for such is the will of the Legislature. The legislation of this State is undoubtedly an innovation upon the common law, but it is not for that reason to be condemned without a trial. An obstinate adherence to custom is more pernicious than cautious experiment. But if this change be unwise in the estimation of counsel, it must nevertheless be enforced by the Courts. In our estimation, it introduced a salutary and much-needed reform."

In *People* v. *White*, 34 Cal., at page 186, the Court uses this language : " To say that the indictment states no offense, is to say that the statute defines none, for the former follows and employs the precise language of the latter, which, as we have uniformly held, is sufficient to make a good indictment. The language of the statute and of the indictment being the same, the latter must be understood in the same sense as the former."

The language of the statute may be followed. (*People* v. *Parsons*, 6 Cal. 487; *People* v. *Olivera*, 7 id. 403 ; *People* v. *Dolan*, 9 id. 576; *People* v. *Garcia*, 25 id. 533; *People* v. *White*, 34 id. 183; *People* v. *Phipps*, 39 id. 326.)

Words conveying the same meaning as the statute may be used. (Pen. Code, § 958; *People* v. *Potter*, 35 Cal. 114; *People* v. *Girr*, 53 id. 629.)

By the defendant's demurrer it is asserted in terms that the information does not conform to Sections 950, 951, and 952 of the Penal Code, and that it does not state facts sufficient to constitute a public offense. Section 950 enumerates the elements which an information must contain. Section 951 gives the form of an information.

Section 952 requires certainty and directness as to the party, the offense, and the particular circumstances or surroundings of the offense, when such surroundings or circumstances are necessary to constitute a complete offense.

The information at bar contains all of the elements mentioned in Section 950. It is in the form prescribed by Section 951. It is certain and direct, under Section 952, as to the party charged when designating him as Michael Kelly, and it is certain as to the offense when declaring that Michael Kelly

made application at the City and County of San Francisco to a Deputy County Clerk of the said city and county for a license to marry Julia Crowley, and before such Deputy Clerk, who was authorized to administer such oath, willfully, corruptly, falsely, and feloniously swore that Julia Crowley was nineteen years old when in truth she was under eighteen years of age, and the said Michael Kelly so knew at the time.

Measured by Section 118, which defines the offense, the information is sufficient, because it shows the oath; that it was before a person duly authorized; that it was a case in which such an oath may be administered; and that, willfully and contrary to such oath, the defendant stated as true a "material matter" which he knew to be false, viz., that Julia Crowley was nineteen years old.

The Clerk had the authority, and it was his duty, under Section 69 of the Civil Code, to ascertain, by examining the applicant on oath, the age of the female. The right to issue the license depended in part upon the female's age, and it therefore became and was a material matter in the transaction. And when the information shows that the defendant swore she was nineteen years old, knowing her to be under eighteen, it shows in a most direct, certain, and affirmative manner, a false swearing as to a "material matter." To allege, *in totidem verbis*, under such circumstances, that the female's age was a "material matter," would be supplementing the mighty voice of the law with the feeble notes of pleading. It would be giving name to a picture about the character of which no question could arise. Reading the information in the light of the marriage law, the "common understanding" would "know" that the false swearing charged was in a material matter. Even the refined understanding, struggling in the mists of hypercriticism, would be forced to admit that a false swearing in a material matter was "intended" by the pleader.

The materiality of the false testimony, it is true, must be made to appear, but this may be accomplished by an express averment, or by setting forth such facts as lead the judicial mind to that conclusion. "Either from facts alleged, or by direct averment, the evidence which is charged as having

been false must appear to have been material to the issue, But it is sufficient that this appears in one of these two methods; it need not be made so to appear by both." (2 Bish. Cr. Proc., § 854.)

In *Commonwealth* v. *Pollard*, 12 Metc., at p. 229, the Court says: "And it is also necessary that it should be alleged, in the indictment, that the matter sworn to was material, or that the facts set forth as sworn to, and upon which the perjury is assigned, should be sufficient in themselves to establish the materiality."

In *Campbell* v. *The People*, 8 Wend., at p. 636, the Court says: "It must undoubtedly appear, on the face of the indictment, that the matter alleged to have been false was material; but such materiality need not be expressly averred; it is sufficient if it evidently appears on the record."

In *Hoch* v. *The People*, 3 Mich., at p. 554, the Court says: "It is a rule, nowhere controverted, that it should appear, upon the face of the indictment, that the evidence upon which the perjury is assigned was material to the question depending; but it is not necessary to set forth so much of the proceedings as show it to be so; a general allegation of materiality is sufficient."

In *Hendricks* v. *The State*, 26 Ind., at p. 493, the Court says: "It is objected to the indictment, that it does not sufficiently aver that the testimony upon which the perjury is assigned was material to the issue. No express averment was necessary upon that subject in this case. The materiality of the evidence appeared conclusively from the nature of the case in which it was alleged to have been given. The charge—to wit, bigamy, in marrying the appellant—necessarily, as a matter of law, made material evidence that no such marriage took place. An express allegation of the mere legal proposition was not necessary. The Courts will take notice of the public law of the land, though it be not pleaded."

In *The State* v. *Marshall*, 47 Mo., at p. 381, the Court says: "In indictments for perjury, the materiality of the oath must be made to appear either by direct averment    *    *    * or by setting forth facts that shall show the materiality of the oath charged to be false;    *    *    *    for it has always been held that if the materiality of its oath appear from the

facts or documents set forth in an indictment, it is sufficient without any express allegation upon the subject."

Viewing the information at bar in the light of these decisions, and the statutes of the State, it would seem to be sufficient.

McKINSTRY, J.:

For the reasons set forth in the argument of the District Attorney, filed herein, the judgment is reversed and the Court below is directed to overrule the demurrer to the information.

Ross and McKEE, JJ., concurred.

---

[No. 10,642.—Department One.]

## THE PEOPLE v. JAMES BARNHART.

BURGLARY—DEGREES OF OFFENSE—INFORMATION.—An information which simply charges the commission of the crime of burglary, without stating whether the act was committed in the night-time or the daytime, embraces both degrees of the crime; and under such an information it is competent for the jury to find the defendant guilty of the crime in either degree.

ID.—ID.—IMMATERIAL ERROR.—The jury found the defendant guilty of burglary in the second degree, and it was objected to the verdict, that the evidence showed that the offense was committed in the night-time. *Held:* It is a sufficient answer to the objection to say that the defendant is not prejudiced by the error complained of; he can not be permitted to urge in this Court, as a reason for the reversal of the judgment in the Court below, that the determination there was more favorable to him than the evidence warranted.

ID.—ID.—ID.—INSTRUCTIONS.—The Court in effect charged the jury that they could find the defendant guilty of burglary in the first or in the second degree, or not guilty, according to the evidence. *Held:* There was no error.

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court of the County of Alameda. GREEN, J.

The following is a portion of the charge of the Court: " If, then, gentlemen of the jury, you believe that the defendant did on the fourth day of September, A. D. 1880, at and in the