## THE PEOPLE *v*. AYALA.

### APPEAL from the District Court of Ponce.

No. 88.—Decided October 17, 1907.

INFORMATION—PERJURY.—An information for perjury containing an express allegation with respect to the essential and material nature of the facts sworn to by the defendant as true, knowing the same to be false, is sufficient, and it is not necessary to allege any other fact tending to show the essential or material nature of such facts.

ID.—DEMURRER—APPEAL.—A demurrer based on the ground that the information was not sworn to by the *fiscal* must be filed at the time of the arraignment, as otherwise the right to make the objection will be deemed to have been waived and the information cannot thereafter be attacked on this ground.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The case submitted to this Supreme Court for decision is an appeal taken by Genaro Ayala from a judgment rendered by the above-mentioned court on February 2 of the current year in a prosecution for perjury, sentencing him to imprisonment in the penitentiary at hard labor for two years, and to pay the costs.

An appeal was taken from this judgment.

No bill of exceptions or statement of facts has been submitted to this Supreme Court, nor any written brief. But at the hearing Attorney Rossy, who appeared on behalf of the defendant, orally advanced two grounds in favor of the reversal of the judgment.

One was that the information was not sufficiently clear, and the other that the *fiscal* had not sworn to the information.

The information reads as follows:

"The said Genaro Ayala, under date of August 29, 1906, filed a sworn complaint in the justice court of the town of Sabana Grande, which forms part of the judicial district, alleging that a hut in which he lived in the *barrio* of Santana of said town had been set on fire on the night of August 28 of the current year. In this complaint the said Genaro Ayala maliciously and knowing the statement to be false, swore as true that 'the night of the occurrence Emilio Pietri and Manuel Peralta were returning from the *barrio* of Santana about 10 p. m.,' this being an important and material matter of the complaint. The oath was taken before Calixto Carreras, Justice of the Peace of Sabana Grande, who is an officer authorized to administer oaths. This act is contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico.—(Signed) Martin Travieso, jr., District Fiscal.

"The above information is filed and based on the sworn testimony of witnesses, and I solemnly believe that there is just cause for filing it.—(Signed) Martin Travieso, jr., District Fiscal."

A mere perusal of this information is sufficient to show its clearness and that it conforms to section 89 of the Code of Criminal Procedure.

But the defendant objects that although the fact is stated that an oath was taken, it is not sufficient that the *fiscal* allege that said act is material or essential, but it is also necessary to state the act tending to show such materiality or essential character.

But the Supreme Court of California, in construing the statute of that State on perjury, which is identical with ours, said:

"Where the indictment or information contains an express averment of the materiality of the oath, the indictment is sufficient unless it affirmatively appear from the other averments that it was immaterial. As against the averment that the testimony of defendant was to a material matter, we cannot say that it was to a matter immaterial, because the other averments of the information do not show it." (*People* v. *Marks Brilliant,* 58 Cal., 218.)

In *People* v. *Kelly,* 59 Cal., 372, it was held the materiality of the evidence need not be expressly averred, where it appears from facts stated; and in *People* v. *Brilliant,* 58 Cal., 214, it was held that an express averment of materiality is sufficient, unless the contrary appears from other averments. (*People* v. *Ah Bean,* 77 Cal., 15.)

It is true, as counsel for the defense states, that the record does now show that the *fiscal* swore to the information, but it must be remembered that a felony is involved and only in such case the information may be set aside on this ground, upon the motion of the defendant "made at the time he is arraigned," according to section 145 of the Code of Criminal Procedure as amended by the Act of the Legislative Assembly, approved May 30, 1904.

If this was not done in time, this objection cannot now be raised because the provisions of section 146 of the said Code of Criminal Procedure are opposed thereto.

Under the circumstances and as the record does not show

the commission of any material error, the judgment appealed from should be affirmed, with the costs against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.