EL PUEBLO *v.* AYALA.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 88.—Resuelto en octubre 17, 1907.

ACUSACIÓN—PERJURIO.—Una acusación por perjurio que contenga una alegación expresa con respecto á la esencialidad y materialidad de los hechos que el acusado jurara como ciertos conociendo su falsedad, es suficiente, sin que sea necesario alegar ningún otro hecho tendente á mostrar esa esencialidad ó materialidad.

ID.—EXCEPCIÓN PREVIA—APELACIÓN.—La excepción de que la acusación no ha sido jurada por el Fiscal, debe interponerse al formularse la acusación, pues de lo contrario se entenderá renunciado el derecho á presentarla, y no podrá impugnarse después la acusación, por ese motivo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del tribunal.

El caso sometido á la decisión de esta Corte Suprema es un recurso de apelación interpuesto por Genaro Ayala contra el fallo que por perjurio dictó la corte arriba expresada en 2

de febrero del año corriente, condenándole á la pena de un año de presidio con trabajos forzados y al pago de las costas.

Contra ese fallo se interpuso recurso de apelación.

No se ha presentado pliego de excepciones, ni exposición del caso, ni alegato escrito ante esta Corte Suprema. Pero en el acto de la vista el Letrado Rossy, que compareció á nombre del acusado, alegó oralmente dos razones en pró de la revocación de la sentencia.

Fué una que la acusación no estaba suficientemente clara y otra que el Fiscal no había jurado la acusación.

La acusación dice así:

"El citado Genaro Ayala, con fecha 29 de agosto de 1906, presentó ante el juzgado de paz del Pueblo de Sabana Grande, que forma parte de este distrito judicial, una denuncia jurada por habérsele incendiado, en la noche del 28 de agosto de este año, un ranchón que habitaba en el barrio de Santana del referido pueblo. En dicha denuncia el dicho Genaro Ayala maliciosamente y conociendo su falsedad juró como cierto "Que la noche del suceso Don Emilio Pietri y D. Manuel Peralta regresaron del barrio de Santana, serían las 10 de la noche, siendo éste un hecho importante y esencial á dicha denuncia. El juramento fué prestado ante Calixto Carreras, juez de paz de Sabana Grande que es un funcionario competente para tomar juramentos. Este hecho es contrario á la ley para tal caso prevista y á la paz y dignidad del Pueblo de Puerto Rico. (Firmado) Martín Travieso Jr., Fiscal del Distrito. La acusación que antecede está basada en el testimonio de testigos examinados bajo juramento, creyendo solemnemente que existe justa causa para presentarla al Tribunal. (Firmado, Martín Travieso Jr., Fiscal del Distrito.)"

La simple lectura de dicha acusación basta para convencer de su claridad y de que se ajusta al artículo 89 del Código de Enjuiciamiento Criminal.

Pero la defensa objeta que, si bien se expresa el hecho de que se juró, no basta que el fiscal alegue que ese hecho es material ó esencial, sino que es preciso que también se exprese el hecho tendente á mostrar esa esencialidad ó materialidad.

Pero el Tribunal Supremo de California ha dicho, interpretando el estatuto de ese Estado sobre perjurio, que es igual al nuestro, lo siguiente:

"Cuando existe una alegación expresa en la acusación, con respecto á la esencialidad ó materialidad del juramento, la acusación es suficiente, á menos que de una manera categórica aparezca de las alegaciones que dicho juramento era inmaterial. Con respecto á la alegación de que la declaración del acusado versara sobre una cuestión esencial, no podemos decir que la misma se refiera á un asunto insignificante, porque las otras alegaciones contenidas en la acusación no lo demuestran.

"*People* v. *Marks Brilliant,* 58 Cal. Rep., 218.

"En el caso de *Pueblo* v. *Kelley,* 59 Cal., 372, se declaró que la materialidad de la prueba no tenía que ser afirmada de una manera expresa, cuando dicha materialidad aparecía de los hechos expuestos; y en *Pueblo* v. *Brilliant,* 58 Cal., 214, se declaró que una alegación expresa con respecto á la materialidad es suficiente, á no ser que aparezca lo contrario de las otras alegaciones.

"*People* v. *Ah Bean,* 77 Cal. Reps., 15."

Es cierto, como dice el defensor, que no consta en el récord que el fiscal jurase la acusación, pero hay que tener en cuenta que se trata de un delito grave (*felony*) y en tal caso sólo puede desestimarse la acusación por ese defecto cuando es á instancia del acusado "hecha al formularse la misma," según el artículo 145 del Código de Enjuiciamiento Criminal, enmendado por la Ley de la Asamblea Legislativa aprobada en 30 de mayo de 1904.

Si esto no se hizo á su debido tiempo, no se puede ahora hacer esa objeción, porque á ello se opone el artículo 146 del referido Código de Enjuiciamiento Criminal.

En tales circunstancias y como no consta del récord que se haya cometido ningún error fundamental, debe confirmarse la sentencia apelada con las costas del recurso al apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.