[In Bank. — January 23, 1883.]

## THE PEOPLE, RESPONDENT, *v.* PATRICK BARRY, APPELLANT.

PERJURY — MATERIALITY OF TESTIMONY. — Where a witness has given testimony material to the issue, and in answer to a question as to whether he had not previously made a statement different from the testimony then given, he denies having done so, the answer affects his credibility as a witness, and a charge of perjury may be founded upon it.

ID. — ERRONEOUS INSTRUCTION. — The court charged the jury in effect that if the defendant knowingly, wilfully, intentionally, and falsely testified that it was Y. and not K. who fired the first shot, and did, for the purpose of misleading the jury, give testimony contradictory to statements before made, falsely and wilfully, the accusation was fully made out. *Held*, that the question as to who did in fact fire the first shot was not the issue before the jury; they were to determine whether the defendant testified falsely in denying that he had on a previous occasion stated that K. fired the first shot; and the charge being calculated to mislead the jury was therefore erroneous.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

*W. H. Webb,* for Appellant.

*A. L. Hart,* Attorney-General, and *Geo. W. Tyler,* for Respondent.

MORRISON, C. J.—An information was filed against the defendant charging him with the crime of perjury, and a conviction being had an appeal has been taken to this court.

The defendant filed a demurrer to the information, which was overruled by the court; and the first question presented for our consideration relates to the sufficiency of the information.

By § 118 of the Penal Code it is provided that "Every person who, having taken an oath that he will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which such an oath may by law be administered, wilfully and contrary to such oath, states as true any material matter which he knows to be false, is guilty of perjury."

Bishop in his work on Criminal Procedure, vol. 2, § 901, says: " The elements of this offense to be alleged and proved are—

" 1.  A judicial proceeding or course of justice;

" 2.  The defendant having been sworn to give evidence therein;

" 3.  His testimony;

" 4.  Its falsity;

" 5.  Its materiality to the issue or point of inquiry."

An examination of the information upon which the defendant was tried and convicted will show that it contains all of the elements above stated as constituting perjury at common law.

It is averred therein that the case of *The People* v. *Isaac M. Kalloch,* charged with the murder of one Charles De Young, was on trial in the Superior Court of the city and county of San Francisco, a court having jurisdiction thereof; that on the trial the defendant was called, duly sworn and examined, as a witness on behalf of the defense; that on said trial he gave certain evidence, which is set forth in the information; that such evidence was false; that the defendant knew at the time it was given that it was false; and lastly that it was material to the issue or inquiry.  The materiality of the false evidence upon which the charge of perjury was predicated is questioned on the appeal, and we will briefly consider it.

On the trial of Isaac M. Kalloch for the murder of Charles
De Young, it became a material inquiry in the case whether or
not De Young fired a shot at Kalloch before the latter fired at
De Young, and on that trial Barry testified that he did.   He
was then asked if he (Barry) had not stated in a conversation
at a designated time and place, and in the presence of certain
persons named, that upon the occasion of the shooting of De
Young he, the said defendant Barry, saw Kalloch fire the first
shot?   He denied having made such statement.   Was this a
material inquiry, and could a false oath in respect to such a
matter amount to perjury?

The evidence of Barry that De Young fired the first shot was
most important and material, as it tended to establish a plea
of justification set up and urged on behalf of Kalloch, as a
defense to the homicide with which he was charged.   For the
purpose of impeaching the witness it was certainly competent
for the prosecution to prove that the defendant had, on an occa-
sion prior to the trial, made the statement imputed to him, and
before this could be done it was required of the prosecution to
lay a foundation for such impeachment.   This could only be
done by calling the attention of the witness to the contradictory
statement and interrogating him respecting it.   It therefore
became a matter material to the credibility of the witness; it
was a circumstance material to the issue or point of inquiry,
and a false oath respecting it was perjury.

In the case of *Wood* v. *People of the State of New York*, 59
N. Y. 123, it is said: " The indictment does not allege that
either of the statements was material, nor do they appear to
have been so on a comparison of the statements with the issues
in the pleadings or by any extrinsic proof.   It is not necessary
that the false statements should tend directly to prove the issue
in order to sustain an indictment. *If the matter falsely sworn to
is circumstantially material or tends to support and give credit to
the witness in respect to the main facts, it is perjury.*" And it is
equally perjury if the false evidence tends to *discredit* the wit-
ness.   To the same effect is the rule laid down by the Supreme
Court of Massachusetts in the case of *Commonwealth* v. *David
Thompson*, 12 Mass. 225.

In the case of *Rex* v. *Giepe*, 1 Ld. Raym. 256, it was

said, "that it is not necessary to appear in an information for perjury to what degree the point in which the man is perjured was material to the issue, for if it is but circumstantially material it will be perjury. . . . . So if a witness swears to the credit of another witness, if it be false it will be perjury if it conduce to the proof of the point in issue."

It appears to us to be plain, both on principle and authority, that the question whether the defendant Barry had made the statement, respecting which he was interrogated, and which statement he denied having made, was material to the case on trial, and that a false oath concerning the same involved the crime of perjury.

But the judgment will have to be reversed for error in the charge of the court to the jury. The following is a part of it : —

"I charge you that if you believe from the testimony beyond a reasonable doubt that there was such trial in due course of law of said Kalloch in this court, and that defendant in such trial was a witness duly sworn in the cause, and that he did testify in the cause, and did in such testimony wilfully, falsely, and knowingly convey to the jury in such case, intentionally, the idea and impression and belief according to his testimony that it was not said Kalloch but was said De Young who fired the said first shot, and this was done knowingly, wilfully, and intentionally, and falsely, for the object, reason, and intent, and to the end that said jury should be misled by his testimony that it was said De Young and not Kalloch who fired the first shot, . . . . and the defendant in that case and for that purpose and to that end did give such testimony inconsistent with and contradictory to such alleged statements before made, or alleged to have been made, did give it falsely, knowingly, and wilfully, then I charge you that the accusation of the information against him for the alleged perjury is as fully made out as if the precise words had been proved before you."

The court did not keep in view the charge on which the defendant was being tried. The accusation contained in the information was not that on the trial of Kalloch the defendant swore falsely as to who fired the first shot, but it was simply a charge that the defendant on that trial denied that he had on a previous occasion stated that Kalloch fired the first shot. The

question as to who did in fact fire the first shot was not the charge upon which he was being tried.

Conceding, therefore, for the purpose of the argument that the defendant did, in his testimony, wilfully, falsely, and knowingly convey to the jury on such trial the impression and belief that it was not Kalloch but De Young who fired the first shot, yet he could not have been convicted of perjury therefor on that information, because that was not the false oath with which he was charged. The charge of the court was clearly erroneous; it was calculated to mislead the jury, and on plain and well-established rules of law it becomes our duty to reverse the judgment.

Judgment and order reversed and cause remanded for a new trial.

THORNTON, J., MYRICK, J., ROSS, J., and SHARPSTEIN, J., concurred.

McKEE, J., concurred in the judgment.

Rehearing denied.