[No. 20361. In Bank. — June 23, 1888.]

## THE PEOPLE, RESPONDENT, *v.* AH BEAN, APPELLANT.

CRIMINAL LAW — PERJURY — INFORMATION. — An information for perjury need only set forth the substance of the controversy, in respect to which the offense was committed, and is sufficient if it is certain and specific as to time and place, and the court and person by whom the oath was administered, together with his authority to administer such oath, and shows the name of the cause, and that it was at issue, the evidence given, and its known falsity, and also avers that it was material to the issue.

ID. — PLEADING — MATERIALITY OF ISSUE. — The criminal pleading of the offense of perjury may either set forth the nature of the issue and the

evidence given thereon, so that its materiality may be seen as matter of law, or it may merely show an action at issue in a court of competent jurisdiction, the testimony given, and its willful and felonious falsity, coupled with an averment that it was material to the issue.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*Wallace Leach,* and *Harris & Gregg,* for Appellant.

*Attorney-General Johnson,* for Respondent.

SEARLS, C. J.—Defendant was informed against for perjury, charged to have been committed on the twenty-first day of May, 1887, at the county of San Bernardino.

The appeal is from a judgment of conviction.

Defendant demurred to the information, which demurrer was overruled, and this action is assigned as error.

The information, so far as essential to the present inquiry, is as follows: "The said Ah Bean, on the twenty-first day of May, A. D. 1887, at the said county of San Bernardino, state of California, having taken an oath before the superior court of the aforesaid county, Hon. H. M. Willis, judge presiding, that he would testify truly in said court, in a case then and there at issue, to wit, the case of *People* v. *Martine,* a Chinaman, said oath being and having been administered by George L. Hisom, the clerk of said superior court, who then and there had authority to administer such oath, did in a manner material to such issue, he, the said Ah Bean, defendant, having taken such oath as aforesaid, willfully, corruptly, falsely, and feloniously state, declare, and testify the truth to be that Martine, the defendant in the above-mentioned case, was at his, the defendant's, house for supper on the evening of February 18, 1887, and from eight o'clock of that evening all night, and that said Martine did not

leave his, defendant's, house, all of which was false, the defendant well knowing such statement to be false."

The contention of the defendant is, that the information fails to set forth *the substance of the controversy in respect to which the offense was committed,* as required by the Penal Code.

Section 966 is in the following language:—

"In an indictment or information for perjury, or subornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and in what court and before whom the oath alleged to be false was taken, and that the court, or the person before whom it was taken, had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is assigned; but the indictment or information need not set forth the pleadings, record, or proceedings with which the oath is connected, nor the commission or authority of the court or person before whom the perjury was committed."

*The controversy in respect to which the offense was committed* in this case was the case of *People* v. *Martine.*

At common law it was necessary in a case like the present to set out in the indictment for perjury the pleadings in law or equity in the case in which the perjury is alleged to have been committed.

The prolixity and technicality required in an indictment of this kind led to frequent failures of justice, by reason of mere formal defects, and to obviate the difficulty, the statute of 14 and 15 Victoria was enacted by section 20 of chapter 100, of which it was provided that only the substance of the offense charged upon the defendant need be set forth.

Our statute is practically to the same effect.

The information here shows the pendency of an action, to wit, the case of *People* v. *Martine,* in the superior court, which case was then and there at issue; that defendant was sworn by the clerk, who was authorized to administer

oaths, and that in a matter material to such issue, he willfully, corruptly, and feloniously testified as in the information specified.

There are two modes by which the materiality of the alleged false statement may be shown in criminal pleading: 1. By setting forth the nature of the issue, and the evidence given thereon, so that, as a matter of law, it may be said the testimony upon which the perjury is assigned is material to the issue; 2. By showing an action at issue in a court of competent jurisdiction, the testimony given, its willful and felonious falsity, coupled with the averment that it was *material to the issue.*

The difference in the two methods consists in *showing* the materiality of the testimony in the one case and merely *averring it* in the other.

In *People* v. *Kelly*, 59 Cal. 372, it was held the materiality of the evidence need not be expressly averred, where it appears from facts stated; and in *People* v. *Brilliant*, 58 Cal. 214, it was held that an express averment of materiality is sufficient, unless the contrary appears from other averments.

The information, being certain and specific as to time and place, as to the court and person by whom the oath was administered, together with his authority to administer such oath, having shown the cause, and that it was at issue, the evidence given and its known falsity, as well as an averment of its materiality, was sufficient in law, and the demurrer and motion in arrest of judgment were properly overruled.

The judgment and order are affirmed.

McKINSTRY, J., PATERSON, J., SHARPSTEIN, J., and McFARLAND, J., concurred.