[No. 20961.    Department Two. — January 18, 1892.]

THE PEOPLE, RESPONDENT, *v.* LEM YOU, APPELLANT.

CRIMINAL LAW — PERJURY — EVIDENCE — TESTIMONY IN CAUSE WHERE PER-
JURY WAS COMMITTED — MATERIALITY. — Upon the trial of a defendant
charged with perjury, evidence of the testimony which the witnesses
gave at the trial in which it was alleged the perjury was committed, and
the state of the cause in which the alleged false testimony was given,
may be proven, in order to show the materiality of the latter; and where
evidence of such previous testimony was given for the purpose of show-
ing as a fact that the testimony had been given, and was expressly lim-
ited to that purpose, an objection to such evidence, upon the grounds
that the defendant was not present when the testimony was given, and
had no opportunity to examine or cross-examine the witnesses, that one
of the witnesses was living within the jurisdiction, and should have
been called himself, and that the other witness was dead, and therefore
his former testimony could not be introduced, is without merit.

ID. — TESTIMONY, WHEN MATERIAL. — The testimony of a witness may be
material when contradicting a part of the testimony given by another
witness which is material, or if going to the credit or discredit of other
witnesses.

ID. — RIGHT OF DEFENDANT TO BE CONFRONTED WITH WITNESSES. — The
rule that a defendant in a criminal action must be confronted with his
witnesses does not apply upon a prosecution for perjury, where all that
is sought to be proven is the mere fact that certain testimony had been
given upon the trial where the alleged perjury was committed, and the
defendant is confronted with the witnesses who testify as to that fact.

ID. — TESTIMONY OF SHORT-HAND REPORTER — READING FROM NOTES. —
Where the official stenographic reporter of the court in which the trial
was had wherein the alleged perjury was committed was sworn as a
witness upon the trial of the defendant for perjury, and testified that he
had taken notes of the testimony in the former trial, and that they
were correct, it was not error for the trial court to allow him to read
the testimony from his notes, subject to cross-examination.

ID. — MATERIALITY OF FALSE TESTIMONY — QUESTION OF LAW — INCONSIS-
TENT INSTRUCTIONS. — On a trial for perjury, the question of the materi-
ality of the alleged false testimony is always one of law for the court,
and not of fact for the jury; and it is error for the court, in instructing
the jury, to leave the question to the jury in one part of the instruc-
tions, while in another part it is decided by the court and taken away
from the jury.

ID. — PROVINCE OF COURT AND JURY. — While the jury has the naked power
to decide all the questions arising on the general issue of not guilty, it
only has the right to find the facts, and apply to them the law as given
by the court.

ID. — INSTRUCTION — FACTS SHOWING MATERIALITY. — On a trial for per-
jury, it is the duty of the court to instruct the jury as to what facts
would show material testimony.

ID. — IMMATERIAL TESTIMONY UPON TRIAL FOR MURDER. — In a prosecution
for perjury, where it appears that upon a trial for murder, in which the

alleged false testimony was given, there was no conflict of testimony, and no issue as to the fact that the person murdered was found lying in front of her house, wounded, it is immaterial to know who carried her into the house, and evidence that one of the witnesses testified that he and another person carried her into the house, it not appearing that he testified at that trial to any other fact material to the case, whereas the defendant testified that they did not carry her in, but that two Chinamen did, does not show that the defendant's evidence was material, and an instruction to the jury, to the effect that such testimony was material, is erroneous.

ID. — TIME OF MATERIALITY. — The alleged false testimony must be shown to have been material at the time when it was given.

ID. — DYING DECLARATION — MATERIALITY OF DISCREDITING EVIDENCE — INSTRUCTION — DUTY OF COURT. — Where a witness has testified to a dying declaration of the deceased as to who killed her, evidence of the defendant accused of perjury that she told him she did not know who shot her may be material, as tending in some degree to discredit the dying declaration; but the court should determine whether the declaration was a dying declaration before instructing as to the materiality of the alleged false testimony.

ID. — CROSS-EXAMINATION — WITNESS APPEARING UPON SECOND TRIAL — EXPLANATION OF DELAY. — Where a witness testified upon the trial of a defendant for perjury, alleged to have been committed during a murder trial, that he was present and saw the deceased shot, that he was not a witness upon the first trial of the person charged with the murder, and had told no one what he knew about the shooting until he was picked up on the street during the second trial of such person, and taken to the district attorney's office, it is error for the court to refuse to allow the defendant to ask the witness, on cross-examination, who took him to the district attorney's office, for the purpose of showing how he came at so late a time to tell what he knew about the case.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*F. B. Guthrie,* and *E. M. Guthrie,* for Appellant.

*Attorney-General W. H. H. Hart,* for Respondent.

McFARLAND, J. — Defendant was convicted of perjury, and appeals from the judgment, and from an order denying a new trial.

It is charged in the information that the appellant, Lem You, gave certain false and material testimony on the trial of one Wong Ark for the alleged murder of a woman named Goot Gue, who was shot in or in front

XCVII. CAL. — 15

of the house in which she lived, on the night of April 26, 1891, in the city of Los Angeles.

There is great conflict of evidence as to whether or not the said testimony of the appellant was false, and appellant makes no point as to the sufficiency of the evidence to justify the jury in finding that said testimony was false. But appellant contends that the court committed several errors in ruling upon the admissibility of evidence, and in instructing the jury.

1. For the purpose of showing the materiality of the alleged false testimony of appellant, the prosecution offered evidence of the testimony which two witnesses named Rohn and Bevan gave at the said trial of said Wong Ark. (There were two or three trials of the said Ark, but the alleged false testimony occurred at the first of said trials.) To this evidence appellant objected, as incompetent, irrelevant, and immaterial, because appellant, not being present when said testimony was given, had no opportunity to examine or cross-examine said witnesses, because said Rohn was living within the jurisdiction, and should have been called himself, and because Bevan having since died, there is no rule by which his former testimony can be introduced in this cause. The court overruled the objections, and appellant excepted.

The ruling of the court was right. The purpose was, not to produce said testimony anew, as tending to prove the facts stated therein: it was offered merely for the purpose of showing as a fact that such testimony had been given, and it was expressly limited by the court to that purpose. The materiality of alleged false testimony does not always appear upon its face, or when simply compared with the indictment; it may be material on account of certain other testimony which had been previously introduced on the trial of a cause. The testimony of a witness may be material when contradicting a part of the testimony given by another witness which is material, or if going to the credit or discredit of other witnesses, etc. For instance, if, on the trial of A for a

felony, B should testify that C was at a certain place at a certain time, this .would not appear upon its face to be material; but if C had previously testified that he was at another and remote place at said time, and had seen A commit the criminal offense charged, then it clearly would be material. And so the previous evidence, and the state of the cause in the action in which the alleged false testimony was given, may be proven, in order to show the materiality of the latter (2 Russell on Crimes, 662; 3 Greenl. Ev., sec. 197); otherwise the materiality of alleged false evidence could rarely be shown. The rule contended for by appellant, that a defendant must be confronted with his witnesses, etc., does not apply here. All that was sought to be proven here was the mere fact that certain testimony had been given, and the appellant was confronted with the witnesses who testified to that fact. If the greater part of the testimony of appellant given in the Wong Ark trial was material at all, it was so only in connection with the said testimony of said witnesses Rohn and Bevan.

The said previous testimony of said Rohn and Bevan was read by F. H. Longley, the official stenographic reporter of the court, from his transcript of notes of the testimony, which he testified to be correct; and appellant seeks to make the point that said transcript was not admissible evidence. But we do not think that the point whether or not a certified transcript of the reporter's notes would, as an independent document, have been admissible arises in this case. Mr. Longley was sworn as a witness, and testified that he had taken such notes, and that they were correct, and he was allowed to read them, and was subject, of course, to cross-examination; and his testifying from his notes was clearly admissible, under section 2047 of the Code of Civil Procedure. None of the authorities cited by appellant are applicable to this point.

2. Appellant makes the contention that the court erred in instructing the jury, for the reason, among others, that in one part of the instructions given the

question of the materiality of the alleged false testimony was left to the jury, while in another part of the instructions it was decided by the court and taken away from the jury; and this contention must be sustained. For instance, instructions Nos. 4 and 5, given at the people's request, and instructions Nos. 3 and 11, given at request of defendant, go upon the theory that it was proper for the court to give the jury certain advice, information, and definitions upon the general subject of the materiality of the testimony, and allow the jury, under such instructions, to determine whether or not it was material; while in instructions Nos. 2 and 3, given by the court of its own motion, the court determined that two of the items of alleged false testimony were material. If the said two specific instructions had embraced all the matters charged in the information, it might perhaps be said that the general instructions did not work any prejudice to appellant, although, even then, the instructions would have been subjected to the charge of inconsistency. But the said two specific instructions do not embrace all the charges of false testimony made in the information, and therefore the materiality of all the other testimony alleged to have been given by appellant was left to the jury.

The question of the materiality of evidence, no matter when or how it may arise, is always one of law for the court, and not of fact for the jury. It usually arises in the ordinary trial of a cause, where one party offers evidence, and the other objects to it as immaterial; and in that case it would be clear to every one that the question was for the court. But the question is exactly the same when, on a trial for perjury, the materiality of the alleged false testimony arises. Of course, a jury, in rendering a general verdict in a criminal case, necessarily has the naked *power* to decide all the questions arising on the general issue of not guilty; but it only has the right to find the facts, and apply to them the law as given by the court. And on a trial for perjury, it is the duty of the court to instruct the jury as to what facts would

show material testimony. (2 Wharton's Crim. Law, sec. 1284; *Cothran* v. *State*, 39 Miss. 541; *Steinman* v. *McWilliams*, 6 Pa. St. 170; *Regina* v. *Southwood*, 1 Fost. & F. 356; *Power* v. *Price*, 16 Wend. 448; *State* v. *Lewis*, 10 Kan. 157; *People* v. *Clementshaw*, 59 Cal. 385.) There is nothing to the contrary in the case of *People* v. *Brilliant*, 58 Cal. 214. The court was there considering an entirely different question, viz., the sufficiency of the indictment; and in the language quoted by appellant from the opinion of McKinstry, J., it is merely said that certain questions were to be determined in that "present cause," and that whether certain *facts* existed which would make the matter material was to be determined by the jury. In 2 Wharton's Crim. Law, sec. 1284, it is said that "the proper course is for the court, assuming all the evidence to be true, to determine whether the particular article of evidence is or is not material. Any dispute as to the truth of facts, however, must go to the jury." The same rule was substantially declared in *People* v. *Clementshaw*, 59 Cal. 385, the *syllabus* of the case being misleading. The proper course for the court to pursue in such a case is aptly stated, on the kindred subject of malicious prosecution, in the opinion of this court, rendered by Mr. Justice Harrison, in *Ball* v. *Rawles*, 93 Cal. 228. Substituting the words "materiality of testimony" for "probable cause," the following language from that opinion is a correct statement of the duty of the court on the trial of a defendant for perjury: "It is necessary, for the court, in each instance, to determine whether the facts that they [the jury] may find from the evidence will or will not establish that issue. Neither is it competent for the court to give to the jury a definition of probable cause, and instruct them to find for or against the defendant according as they may determine that the facts are within or without that definition. Such an instruction is only to leave to them in another form the function of determining whether there was probable cause. The court cannot divest itself of its duty to determine this question, however complicated

or numerous may be the facts. It must instruct the jury upon this subject in the concrete, and not in the abstract, and must not leave to that body the office of determining the question, but must itself determine it, and direct the jury to find its verdict in accordance with such determination. The court should group in its instructions the facts which the evidence tends to prove, and then instruct the jury that if they find such facts to be established, there was or was not probable cause, as the case may be, and that their verdict must be accordingly." These views do not conflict with *People* v. *Ah Sing*, 95 Cal. 659; there the manner of establishing the materiality of evidence was not before the court.

It is not clear from the record whether or not appellant makes a specific objection to the correctness of said instruction No. 2, given by the court on its own motion; but as we think said instruction was wrong, although the method pursued in it was right, and as the case may probably be tried again, we think it proper to notice it. It appears that on the said trial of Wong Ark the witness Rohn testified, in substance, that at the time the woman Goot Gue received the mortal wound, he, the witness, was about 140 yards from where she lived; that he heard a police-whistle in the neighborhood of where she lived, and immediately proceeded to that place; that he found Goot Gue lying in front of the house, suffering from a gunshot wound; that there were only a few persons there at the time; that another man, named Roper, who was on horseback, appeared at the scene at about the same time; and that he (Rohn) and Roper carried the woman Goot Gue into the house. Now, the appellant herein, Lem You, testified, among other things, that he heard the shot at the same time, being at another point near the place of the shooting; that he, the appellant, and one Ah Tet, also went immediately to the place, and also found the woman lying on the sidewalk, shot; that when he got there, there were a good many people present, but that neither Rohn nor Roper had come; that two other Chinamen carried the

woman into the house, and that Rohn and Roper did
not carry her in. The court, in said instruction No. 2,
instructed the jury, in substance, that said testimony
of the appellant was material; and in this we think that
the court erred, at least upon the state of the evidence
as it then appeared. There was no conflict of testimony
and no issue as to the fact that the woman Goot Gue was
found lying in front of the house, wounded. All the
witnesses swore to that fact, and there was no controversy
about it. Under those circumstances, we do not think
it was material to know who carried her into the house;
nor is the latter fact connected in any way with anything
that was material. If the witness Rohn had given fur-
ther testimony about something that was material, then
the contradiction by appellant of his statement that he
carried the woman into the house might have been ma-
terial, for it might have affected his credibility and
lessened the weight of the additional material evidence.
But the record does not show that at the first trial of
Wong Ark the witness Rohn testified to any other fact
material in the case; and the testimony of the appellant
must have been material at the time when it was given.

It may be well, also, to notice the third instruction,
given by the court of its own motion. It seems that
the appellant testified that when he approached the wo-
man on the sidewalk, he asked her who shot her, and
she replied that she did not know, and it appears fur-
ther, that the witness Bevan testified that on the next
day, about eleven o'clock, A. M., the said Goot Gue told
him, in substance, that Wong Ark killed her. The court
told the jury that the testimony of the appellant as to
what Goot Gue told him was material, if the jury be-
lieved that the statement made the next day by her to
Bevan was a dying declaration, — at least that is the way
we construe the instruction. If the statement of Goot
Gue made to Bevan was made under such circum-
tances that it was admissible as a dying declaration,
then said testimony of defendant was probably material,
because it might have affected in some degree the truth

of the statement made by Bevan; but the court should have more particularly and clearly determined for itself whether or not the said statement made to Bevan was a dying declaration.

3. We think the court erred in refusing to allow appellant to ask of the witness Ah Lung, on cross-examination, the question, "Who took you up to the district attorney's office?" although this error may not be of great importance. The said Ah Lung had testified that he was present and saw Wong Ark shoot Goot Gue; that he was not a witness on the first trial of Wong Ark, and had told no person what he knew about the shooting until he was picked up on the street during the second trial of Wong Ark, and taken to the district attorney's office. This conduct of the witness was rather suspicious; and for the purpose of showing how he came, at so late a time, to tell what he knew about the case, we think it was not improper to ask him upon whose suggestion he went to see the district attorney.

The record does not disclose any other error, and we do not deem it necessary to discuss the other points made by appellant.

Judgment and order reversed.

DE HAVEN, J., and GAROUTTE, J., concurred.