[Crim. No. 416.  First Appellate District.—February 4, 1913.]

## THE PEOPLE, Respondent, v. C. METZLER, Appellant.

CRIMINAL LAW—SUBORNATION OF PERJURY—SUFFICIENCY OF INFORMATION—MATERIALITY OF TESTIMONY IN CIVIL ACTION—DEMURRER.—Where an information for the crime of subornation of perjury involving the issues in a civil action, expressly avers the materiality of the alleged suborned testimony to such issues, and sets forth facts showing such materiality, and the allegations of the information on that subject are as a whole, clear, concise, and consistent, the dedefendant's demurrer to the information was properly disallowed.

ID.—RULE OF CRIMINAL PLEADING IN CALIFORNIA.—It is a settled rule in this state that where an indictment or information expressly alleges the materiality of perjured testimony, such indictment or information is sufficient unless it affirmatively appear from the indictment or information as a whole that such testimony was immaterial.

ID.—SUBORNED WITNESS OFFERED FOR IMPEACHMENT—EVIDENCE AFFECTING CREDIBILITY.—The fact that the suborned witness was offered for the purpose of impeachment of a witness in the civil action, cannot affect the foundation of the charge made. Evidence affecting the credibility of a witness usually tends to strengthen the case of a party to an action, or to weaken the defense of his adversary, and therefore such evidence is material.

ID.—CONFLICTING WITNESSES FOR PROSECUTION—CREDIBILITY A QUESTION FOR JURY.—The fact that different witnesses for the prosecution gave irreconcilable evidence upon material matters, cannot affect the province of the jury to determine the credibility of their conflicting statements, and their verdict of guilty as charged cannot be disturbed on that ground.

ID.—SUBORNED WITNESS AN ACCOMPLICE WITH DEFENDANT—VERDICT SUFFICIENTLY SUPPORTED—INDEPENDENT EVIDENCE.—The fact that the suborned witness was an accomplice with the defendant, cannot affect the verdict of guilty based upon independent evidence suffi-

cient to corroborate the accomplice, and to connect the defendant with the commission of the offense charged against him.

ID.—REQUESTED INSTRUCTIONS — ERROR IN PART — INSTRUCTIONS EMBODIED IN CHARGE.—Requested instructions which are erroneous in part, may be rejected as a whole; and requested instructions which are substantially embodied in the charge of the court, need not be otherwise given because not stated in the exact language of the request.

ID.—MISCONDUCT OF DISTRICT ATTORNEY IN ARGUMENT—ERROR NOT ASSIGNABLE FOR FIRST TIME ON APPEAL.—Where portions of the argument of the district attorney, are objected to as misconduct for the first time on appeal, and the portions objected to appear to be fair deductions upon the whole case, and legitimate argument; yet if it were otherwise, in the absence of an objection coupled with a request that the trial court admonish the jury to disregard the alleged improper remarks, their possible effect upon the jury will not be considered for the first time upon appeal.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Traber & South, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney General, for Respondent.

LENNON, P. J.—The defendant in this case was convicted in the superior court of the county of Fresno of the crime of subornation of perjury. He has appealed from the judgment entered against him and from an order denying a new trial.

The defendant insists that the demurrer to the information should have been allowed upon the ground that the information fails to show the materiality of the alleged suborned testimony. The information charges in substance that on February 27, 1912, the defendant procured one J. P. Helmuth to commit perjury in a certain civil action then pending in the superior court of Fresno County entitled "Metzler *v.* Spomer," wherein the defendant here was the plaintiff. In addition to the allegations usually employed in charging the crime of subornation of perjury, the informa-

tion expressly avers the materiality of the alleged suborned testimony. The information then proceeds to recite the substance of such testimony in conjunction with other alleged facts, all of which tends clearly enough to show the materiality of the alleged suborned testimony to the issues involved in the civil action in which it was alleged the defendant induced the witness Helmuth to give such testimony.

It is a settled rule in this state that where an indictment or information expressly alleges the materiality of perjured testimony such indictment or information is sufficient unless it affirmatively appear from the indictment or information as a whole that such testimony was immaterial. (*People* v. *Brilliant,* 58 Cal. 214; *People* v. *Ross,* 103 Cal. 425, [37 Pac. 379].)

In the present case the allegations of the information upon the subject of materiality are as a whole clear, concise, and consistent, and therefore the defendant's demurrer was properly disallowed.

The sufficiency of the evidence to support the verdict of the jury is assailed upon the ground that it was not shown in evidence as a part of the people's case that the alleged suborned testimony was in fact material to the issues raised by the pleadings in the civil action. This contention is based upon the fact that the witness Helmuth was called and procured by the defendant to testify in the civil action to matters and things which affected only the credibility of Spomer, the defendant in that action. In other words, it is the defendant's contention that because the testimony of the witness Helmuth was offered and received in evidence in the civil action for purposes of impeachment rather than as tending to prove the precise fact in dispute, such testimony was not material to the extent that it could be made the foundation for a charge of perjury.

This contention is untenable. Upon a trial evidence may be given not only of the precise fact in dispute, but such other facts as serve to show the credibility of a witness may be offered and received in evidence. (Code Civ. Proc., sec. 1870.) Evidence affecting the credibility of a witness usually tends to strengthen the case of a party to an action or to weaken the defense of his adversary, and therefore such evidence is material. (*People* v. *Brilliant,* 58 Cal. 214; *People*

v. *Barry,* 63 Cal. 62; *People* v. *Von Tiedeman,* 120 Cal. 128, [52 Pac. 155] ; *People* v. *Prather,* 134 Cal. 436, [66 Pac. 589, 863].)

Counsel for the defendant contends that the testimony of the two principal witnesses for the people in the present case is contradictory and irreconcilable upon material matters; and because of this it is insisted that the testimony of neither witness should be credited in support of the verdict. This is but an argument directed against the credibility of the witnesses, which doubtless was presented to the jury, and by them given the consideration which it deserved. Whatever contradiction there may have been in the testimony of these witnesses created at best but a conflict in the evidence, which left the jury free to accept the testimony of whichever witness seemed to be the most credible and worthy of belief.

Conceding, as counsel for the defendant says, that the suborned witness Helmuth was an accomplice of the defendant, nevertheless the evidence upon the whole case sufficiently supports the verdict, because the testimony of Helmuth as to the fact of the perjury and its subornation was amply corroborated by the testimony of other witnesses not accomplices, the admissions of the defendant, and independent facts and circumstances which tended to connect the defendant with the commission of the offense charged against him.

Complaint is made of the refusal of the trial court to give several instructions requested upon behalf of the defendant. Upon an examination of the record we find that some of the requested instructions did not in their entirety correctly state the law; and when a requested instruction is erroneous in part in its statement of the law it may be rejected as a whole. (*People* v. *Davis,* 64 Cal. 440, [1 Pac. 889] ; *People* v. *Walters,* 98 Cal. 138, [32 Pac. 864].)

With reference to the remaining requested instructions the record shows that the subject matters thereof were substantially and correctly covered by the charge of the court, and therefore the refusal of the trial court to charge in the exact language of the requested instructions was without prejudice to the defendant.

In brief, the record shows that insofar as the requested instructions were correct in their statement of the law applicable to the case, they were incorporated in and made a part

of the charge of the court, and that is all that the defendant was entitled to. (*People* v. *Durrant,* 116 Cal. 179, [48 Pac. 75] ; *People* v. *Holmes,* 126 Cal. 462, [58 Pac. 917] ; *People* v. *Wardrip,* 141 Cal. 229, [74 Pac. 744].)

Certain portions of the argument of the district attorney to the jury are assigned here for the first time as prejudicial misconduct. The portions complained of, however, appear to be fair deductions from the evidence adduced upon the whole case, and were therefore legitimate argument; but even if this were not so no objection was made in the lower court to such portions of the district attorney's argument, and in the absence of an objection, coupled with a request that the trial court admonish the jury to disregard the alleged improper remarks, their possible effect upon the jury will not be considered for the first time on appeal. (*People* v. *Beaver,* 83 Cal. 419, [23 Pac. 321] ; *People* v. *Shears,* 133 Cal. 154, [65 Pac. 295] ; *People* v. *Amer,* 8 Cal. App. 137, [96 Pac. 401] ; *People* v. *Crosby,* 17 Cal. App. 518, [120 Pac. 441] ; *People* v. *Bradbury,* 151 Cal. 675, [91 Pac. 497].)

The judgment and order appealed from are affirmed.

Murphey, J., *pro tem.,* and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 6, 1913, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 4, 1913.