[Crim. No. 1926.   First Appellate District, Division One.—March 29, 1937.]

THE PEOPLE, Appellant, v. LOW YING, Respondent.

40

U. S. Webb, Attorney-General, Seibert. L. Sefton, Deputy Attorney-General, and A. E. Bagshaw, District Attorney, for Appellant.

James M. Hanley, Carlos R. Freitas and Jerome A. Duffy for Respondent.

KNIGHT, J.—The defendant was indicted for perjury, and the trial court sustained his demurrer to the indictment, with directions to resubmit the case to the grand jury. From the order so made the People have taken this appeal.

It appears from the facts stated in the indictment and in defendant's brief that the alleged perjured testimony was given by the defendant on March 4 and 5, 1936, while he was on trial in the Superior Court in and for Marin County on six charges of having offered bribes to the district attorney; that he was found guilty on five charges, acquitted on one, and subsequently granted probation; that at said trial he admitted having offered the bribes, but as a defense claimed that he was illegally entrapped into so doing by the district attorney.

The alleged false testimony is set forth in the indictment in narrative form, and covers some five pages of the transcript. Therein the defendant purported to state what occurred at eight separate conferences which he claimed to have had with Mr. Bagshaw, the district attorney, the first of which took place, so the defendant testified, in San Francisco in 1931 (which was evidently prior to the time Mr. Bagshaw became district attorney), and the others in Marin County between the middle of November, 1934, and May 17, 1935. If true, said testimony would be sufficient to establish as between the defendant and the district attorney the existence of a corrupt relationship at the time of and preceding the alleged bribery and entrapment, involving not only the giving of bribes by the defendant, but the solicitation and acceptance thereof by the district attorney. Following the recital of such testimony, the indictment alleges "that the said false testimony, statements and things sworn to and given in evidence by the said Low Ying, as aforesaid, was and were then and there material to the issues tendered in said cause . . . in that it tended to show and did show that he, the said Low Ying, was entrapped by the said A. E. Bagshaw into the commission of the offenses set forth and charged in the indictment on file in the said cause". The indictment then proceeds to negative specifically the truth of the testimony so given by the defendant, and in this connection alleges in substance that no conferences whatever took place between defendant and Mr. Bagshaw prior to May 14, 1935; and that while the defendant did converse with him on three occasions on and after May 14, 1935, as stated by the defendant, the testimony given by the defendant as to what was said and done on those occasions was false.

The question presented concerns the materiality of the alleged false testimony to the issue of illegal entrapment. With respect thereto the law is well settled that materiality may be pleaded either by setting out facts from which the materiality appears as a matter of law, or by direct averment without setting forth the probative or circumstantial facts (*People* v. *Ah Bean,* 77 Cal. 12 [18 Pac. 815]; *People* v. *Dunstan,* 59 Cal. App. 574 [211 Pac. 813]), and that where the indictment contains an express averment of the materiality of the testimony it is sufficient unless it affirmatively appears from other averments that the testimony

is immaterial. (*People* v. *Brilliant*, 58 Cal. 214; *People* v. *Ross*, 103 Cal. 425 [37 Pac. 379]; *People* v. *Metzler*, 21 Cal. App. 80 [130 Pac. 1192]; *People* v. *Collins*, 6 Cal. App. 492 [92 Pac. 513].) ▆▆. That is to say, where the indictment contains an express averment that the alleged false testimony was material, its materiality may be shown at the trial by the introduction of evidence to that effect; and consequently, before an indictment embodying such express averment may be held legally insufficient, it must positively appear as a matter of law from other averments or from the testimony itself, that under no possible theory could said testimony be deemed material. (Wharton's Criminal Law, 12th ed., vol. II, sec. 1570; *United States* v. *Nelson*, 199 Fed. 464.)

▆ In the present case, as will be observed, the indictment contains a direct averment that the alleged perjured testimony was material to the issue tendered in the bribery case in that it tended to show that defendant was illegally entrapped. Therefore, the indictment must be held legally sufficient unless, as defendant contends, it affirmatively appears from the testimony itself, as a matter of law, that in no sense could said testimony be considered material to that issue. We are unable to sustain defendant's contention.

▆ As pointed out in *People* v. *Patterson*, 64 Cal. App. 223 [221 Pac. 394], the rule in this state and elsewhere is that the matter sworn to need not be directly and immediately material. It is sufficient if it be so connected with the facts directly in issue as to have a legitimate tendency to prove or disprove such fact, by giving weight or probability to the testimony of a witness testifying thereto or otherwise. (*People* v. *Barry*, 63 Cal. 62; *People* v. *Senegram*, 27 Cal. App. 301 [149 Pac. 786]; *People* v. *Phillips*, 56 Cal. App. 291 [205 Pac. 40]; 21 R. C. L., p. 259.) And in this latter connection it has been expressly held that since evidence affecting the credibility of a witness usually tends to strengthen the case of a party to an action or weaken the defense of his adversary, such evidence is material (*People* v. *Metzler, supra; People* v. *Dunstan, supra*); that it is material also when contradicting part of the testimony given by another witness which is material, or if going to the credit or discredit of another witness. (*People* v. *Lem You*, 97 Cal. 224 [32 Pac. 11].) In other words, if the alleged

false testimony tends circumstantially to prove or disprove the main issue, the degree of materiality is of no importance (*People* v. *Albert,* 91 Cal. App. 774 [267 Pac. 587]; *In re Braynard,* 52 Cal. App. 631 [199 Pac. 576]); and the ordinary test is whether the testimony could have properly influenced the tribunal before which the case was being tried upon the issue involved therein. (*In re Braynard, supra.*)

■ Here it is apparent that the determination of the issue of entrapment depended largely upon the testimony of the district attorney, to whom the bribes were admittedly offered; and manifestly the alleged false testimony given by the defendant, as will be seen from an examination thereof, amounted, as a whole, to an attempted impeachment of the credibility of the district attorney. Therefore, as such impeachment testimony, it would be material under the doctrine of the cases above cited to the main issue of entrapment, because whether given in rebuttal of denials made in that behalf by the district attorney, or as original defense testimony, it could have had the obvious effect, if believed, of properly influencing the jury in its consideration and determination of that issue. And the fact that the district attorney was a witness in the case may be shown at the trial under the general averment that the alleged false testimony was material. (Wharton's Criminal Law, *supra; People* v. *Lem You, supra.*) As said in the case last cited, " . . . the state of the cause in the action in which the alleged false testimony was given, may be proved, in order to show the materiality of the latter".

■ Defendant's attack upon the sufficiency of the indictment seems to be centered upon the asserted immateriality of the conversation which he claimed he had with Mr. Bagshaw in 1931. But where, as here, several assignments of alleged false testimony are embraced in one count, it is not essential to a conviction to prove the materiality of all of the assignments. The proper course of pleading is to negative specially each part of the alleged false testimony, and if the materiality of one or more of said assignments be adequately proved it is enough to support the indictment, provided falsity is satisfactorily shown. (Wharton's Criminal Law, 12th ed., vol. II, secs. 1567, 1570, 1582.) Therefore, in the present case, even though the prosecution should fail at the trial to meet the burden of proving the materiality of

the assignment of false testimony relating to the conversation of 1931, and for that reason that particular transaction should be eliminated, evidence showing the materiality of any one of the remaining seven assignments would be sufficient to sustain the indictment, provided, of course, the falsity of the testimony relating thereto be shown.

Furthermore, it would appear that the ascertainment of the truth of defendant's claim that he was illegally entrapped by the district attorney depended primarily upon the circumstances attending the three conferences which defendant admittedly held with the district attorney on and after May 14, 1935; and it is alleged in the indictment that the testimony given by the defendant as to what occurred on those three occasions was false. Clearly, therefore, such testimony was directly material to the issue of illegal entrapment, regardless of its materiality as impeachment or contradictory evidence.

For the reasons stated it is our conclusion that as against the direct averment in the indictment that the alleged false testimony was material to the issue of entrapment, it cannot be held, as a matter of law, that it affirmatively appears from the testimony itself that it was immaterial. The order appealed from is, therefore, reversed, with directions to overrule the demurrer.

Cashin, J., concurred.

Mr. Presiding Justice Tyler, deeming himself disqualified, did not participate.