[Crim. No. 131.   Second Appellate District.—October 5, 1909.]

## THE PEOPLE, Respondent, v. A. J. MATEZUSKI, Appellant.

CRIMINAL LAW—GRAND LARCENY—EVIDENCE SHOWING BURGLARY ALSO —SUPPORT OF VERDICT.—In a prosecution for grand larceny, the fact that the evidence proves both burglary and grand larceny does not render the verdict of guilty of grand larceny without support in the evidence.

ID.—DISTINCT OFFENSES—PLEA OF FORMER CONVICTION—PROVINCE OF JURY—FINDING OF FACT.—Conceding that grand larceny is not included in burglary, and that evidence of a conviction of one of these crimes would not sustain a plea of former conviction upon the trial of the other, the jury may nevertheless determine from evidence tending to sustain both whether the crime charged was actually committed. The finding upon such an issue is one of fact, and will not be disturbed, if there is evidence to support it.

ID.—REVIEW UPON APPEAL—CONFLICT BETWEEN WITNESSES FOR PROSECUTION.—The contention of appellant based upon the weight of conflicting testimony for the prosecution, that the preponderance thereof shows the defendant to be innocent rather than guilty as found by jury is not tenable.

ID.—ARGUMENT UPON WEIGHT OF EVIDENCE.—An argument based upon the weight of evidence which is admittedly conflicting will not be considered by the appellate court, in reviewing the conclusions of the jury; and it is not material, in the application of this rule, whether the conflict be between the witnesses for opposite sides, or between witnesses all on the same side. The rule of finality and conclusiveness of the finding of fact by the jury or the trial court is the same in either case.

ID.—INSTRUCTIONS—CREDIBILITY OF WITNESSES—PROVINCE OF JURY NOT INVADED—COURT NOT LIMITED TO LANGUAGE OF CODE.—An instruction as to the credibility of witnesses based upon section 1847 of the Code of Civil Procedure, with the additional consideration recognized in the decisions of the supreme court as bearing upon such credibility was proper, and did not invade the province of the jury or instruct them as to matters of fact. The trial court is not limited to the language of that section, in its instruction as to the effect of the circumstances surrounding the witnesses.

ID.—DEFINITION OF WORD "ABET."—The court properly instructed the jury that "for one person to abet another person in the commission of a criminal offense simply means to knowingly aid, promote, encourage or instigate by act or counsel, or by both act and counsel, the commission of such criminal offense."

11 Cal. App.—30

ID.—CORROBORATION OF ACCOMPLICE.—An instruction was correctly given that "while it is true that a conviction cannot be had on the testimony of an accomplice unless he is corroborated by other evidence tending to connect the defendant with the commission of the offense, yet such corroborative evidence need not tend to establish the precise facts testified to by the accomplice. It is sufficient if such corroborating evidence, standing alone, tends to connect the defendant with the commission of the crime charged."

ID.—EFFECT OF POSSESSION OF PROPERTY RECENTLY STOLEN.—The court correctly instructed the jury that "possession of property recently stolen puts upon the possessor the burden of explaining such possession, and if his explanation fails to show that the property was honestly obtained, this may be considered by the jury as a circumstance tending to show his guilt." Such instruction was not open to the objection that a conviction might be rested upon this possession alone.

ID.—INSTRUCTION AS TO VERDICT.—Where the property stolen was such that proof was required of its value to determine whether the offense was grand or petit larceny, and the jury was properly instructed as to the difference between those offenses, it was not improper to instruct them, to the effect that if they believe from the evidence that defendant feloniously stole the personal property described, "or any part thereof," etc., "then you should find the defendant guilty." If the verdict had been one of guilty of petit larceny, he would be none the less guilty, and such a verdict might have been rendered under the information.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Curtis D. Wilbur, Judge.

The instruction as to the word "abet" and as to the "corroboration of an accomplice," referred to in the opinion of the court, are inserted in the syllabi from the transcript. Further facts are stated in the opinion of the court.

W. G. Abbott, and Henry H. Roser, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Information for grand larceny. Verdict of guilty. Defendant appeals from judgment, and an order denying his motion for a new trial.

It is contended by appellant that the verdict is not supported by the evidence because it tends to establish burglary as well as grand larceny. If it be conceded that larceny is not included in a charge of burglary, and that evidence of a conviction of one of these crimes would not sustain a plea of former conviction, upon a trial of a charge of the other (*People* v. *Devlin,* 143 Cal. 128, [76 Pac. 900]), the jury may, nevertheless, determine from evidence which tends to sustain both which crime was actually committed. The finding upon such an issue is one of fact and will not be disturbed, if there is evidence to support it.

Another reason assigned for reversal on the ground that the evidence does not support the verdict is, that the testimony of the witnesses for the prosecution was conflicting, and that the preponderance of such evidence shows the defendant to be innocent rather than guilty. An argument based upon the weight of evidence, which is admittedly conflicting, will not be considered by an appellate court in reviewing the conclusions of a jury, and it is not material, in the application of this rule, whether the conflict be between the testimony of witnesses for opposite sides or between witnesses all on the same side. The rule of finality and conclusiveness of the finding of fact by the jury or the trial court is the same in either case.

The instruction which appellant contends is erroneous because an invasion of the province of the jury, and violative of the provisions of section 19 of article VI of the state constitution, "that judges shall not charge juries with respect to matters of fact," is substantially section 1847 of the Code of Civil Procedure, to which has been added certain language which was held to be proper by the supreme court in *People* v. *Amaya,* 134 Cal. 539, [66 Pac. 794], and *People* v. *Miles,* 143 Cal. 640, [77 Pac. 666]. In the first of these cases the court considered the addition of the words "his interest in the case, or his prejudice against one of the parties"; and in the second, "his degree of intelligence." The cases cited by appellant are distinguished in these opinions, and in the latter case it is said that the trial court is not limited in its instructions as to the effect of the circumstances surrounding the witness, to those facts and circumstances enumerated in section 1847.

The instruction defining the word "abet" was correct, and this is true of that relating to a conviction upon the testimony of an accomplice. The latter instruction is to be distinguished from the one before the court in *People* v. *Compton,* 123 Cal. 403, [56 Pac. 44]. The objection to the instruction in that case was that it informed the jury the corroborative evidence required by section 1111 of the Penal Code was sufficient "if it *in any way* tended to connect the defendant with the commission of the crime." The words "in any way" do not appear in the instruction before us, which is substantially the same as the one approved in *People* v. *Balkwell,* 143 Cal. 259, 264, [76 Pac. 1017].

Possession of property recently stolen puts upon the possessor the burden of explaining such possession, and if his explanation fails to show that the property was honestly obtained, this may be considered by the jury as a circumstance tending to show his guilt, and the instruction to this effect was correct. It was not open to the objection that a conviction might be rested upon this possession alone. (*People* v. *Wilson,* 135 Cal. 331, [67 Pac. 322].).

The jury were instructed at the request of the people "that if you believe from the evidence, beyond a reasonable doubt, that the defendant feloniously stole the personal property of the Los Angeles Elastic Pulp Plaster Company, *or any part thereof,* as charged in the information, or aided, abetted," etc., . . . "then you should find the defendant guilty." It is contended that the defendant could not have been found guilty of the crime charged in the information if he had stolen "any part" of the property. The jury were instructed as to the distinction between grand and petit larceny, and the verdict is "guilty of grand larceny." If the verdict had been one of guilty of petit larceny, the defendant would have been none the less guilty, and such a verdict might have been rendered under the information. The property alleged to have been stolen was such that proof of its value was necessary to determine whether the crime committed was grand or petit larceny.

We see no prejudicial error in the record, and the judgment and order are therefore affirmed.

Allen, P. J., and Shaw, J., concurred.