EL PUEBLO, DEMANDANTE Y APELADO, *v.* DÍAZ ET AL., ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª. en causa por delito de hurto de menor cuantía.

No. 860.—Resuelto en noviembre 30, 1915.

PRUEBA DE REFERENCIA—ELIMINACIÓN—EXCEPCIONES—PERJUICIOS.—No comete error un juez que deniega la eliminación de cierta parte de la declaración de un testigo por ser de referencia, cuándo tal resolución no ha sido excepcionada por el acusado, ni tampoco se produjo a éste perjuicio alguno.

ABUSO DE CONFIANZA—HURTO—DISTINCIÓN ENTRE AMBOS DELITOS.—La diferencia entre los delitos de abuso de confianza y hurto consiste en que en el primero el acusado está en posesión de la cosa y se la apropia o la hace suya ilegalmente, mientras que en el segundo el acusado se apropia o hace suya la cosa tomándola de poder de otras personas.

HURTO—ABUSO DE CONFIANZA—PRUEBA.—Cuando en la denuncia se imputa el delito de hurto y en el juicio se prueba un abuso de confianza definido en el artículo 445 del Código Penal, no puede ser el acusado condenado por el segundo delito, por no estar éste necesariamente comprendido en el primero.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Tizol & Campillo.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto por los acusados Arturo Díaz y Gustavo Padró, contra sentencia que dictó la Corte de Distrito de San Juan, Sección 2ª. en 26 de febrero del corriente año, condenando a cada uno de ellos como culpables del delito de hurto de menor cuantía, a la pena de $100 de multa con las costas, y en defecto de pago a un día de cárcel por cada dollar de multa que dejaren de pagar.

El delito de hurto de menor cuantía imputado a los acusados consiste en que "el día 13 de junio de 1913, en la jurisdicción de Dorado que forma parte del Distrito Judicial de San Juan, ilegal, voluntaria, y maliciosamente y con intención criminal sustrajeron de la finca de Don Antonio Pizá dos carros de carbón, valorados en la suma de $15, los cuales vendieron a Manuel Meléndez."

Aléganse como motivos del recurso: 1°. Que el juez cometió error al no permitir que se eliminara la parte de la declaración del testigo Antonio Pizá en cuanto concernía al carbón que faltaba, por ser de referencia; y 2°. Que la sentencia es contraria a la prueba.

La declaración de Pizá, en la parte cuya eliminación fué pedida, no fué excepcionada en forma por los acusados ni tampoco causó a éstos perjuicio alguno.

En cuanto a la prueba, después de haber hecho un detenido examen de la misma, encontramos que si se probó algún delito no fué el de hurto de menor cuantía sino el de abuso de confianza definido en el artículo 445 del Código Penal, pues

los acusados eran mayordomos de Don Antonio Pizá y bajo la custodia de los mismos estaba el carbón cuya falta se les imputa, según lo afirma y repite el testigo Pizá.

La diferencia entre los delitos de abuso de confianza y hurto consiste en que en el primero el acusado está en posesión de la cosa y se la apropia o la hace suya ilegalmente, mientras que en el segundo el acusado se apropia o hace suya la cosa tomándola de poder de otras personas. *El Pueblo* v. *Kent,* 10 D. P. R. 343.

Como falta prueba del delito de hurto por el cual han sido condenados los apelantes y no puede condenárseles por el delito de abuso de confianza que no está necesariamente comprendido en aquél, procede la revocación de la sentencia apelada, y que se absuelva a Arturo Díaz y Gustavo Padró del delito de hurto de que han sido acusados.

> *Revocada la sentencia apelada y absueltos los acusados.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.