[Crim. No. 1881. Second Appellate District, Division One.—January 22, 1930.]

THE PEOPLE, Respondent, v. ORION L. ELLIOTT et al., Appellants.

Joseph W. Ryan and Frank J. Ryan for Appellants.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendants (who were police officers), were convicted on the first count of an information wherein they were charged with the commission of the crime of asking and agreeing to receive a bribe. They appeal from the judgment and an order denying their motion for a new trial.

Appellants' principal complaint relates to several different instructions which at the request of the prosecution, were given to the jury. The first two of such instructions

should be considered together. After giving the definition of direct and of circumstantial evidence, in effect the jury was informed that as to the degree of proof required for conviction, the law makes no distinction between the two kinds of evidence, and that if upon consideration of the whole case the jury should be satisfied to a moral certainty and beyond a reasonable doubt of the guilt of the defendants, it should so find, regardless of whether such conclusions was produced by either direct or by circumstantial evidence, or by both such kinds of evidence. The jury was also instructed that if it was satisfied to a moral certainty and beyond a reasonable doubt "that the words, and acts, and conduct of the defendants unmistakably carried the import that it was a bribe that the defendants were seeking, at the time set forth in the information," it would be the duty of the jury to find accordingly, notwithstanding specific words asking for a bribe might not have been used.

The first criticism of appellants to the combined intruction is that as against the provision of the Constitution which forbids the judge of the trial court to comment on the evidence, the instruction suggests that circumstantial evidence was introduced on the trial of the case which tended to prove the guilt of the defendants. Scanned with some particularity, it is possible that in some of its parts the instruction might be considered faulty in the particular to which attention has been directed; but, as a whole, it is most apparent that the instruction deals with definitions of legal terms and with abstract questions of law. As to that part of the instruction herein quoted, appellants contend that no evidence was introduced on the trial of the action upon which such instruction properly could be predicated. If such contention were to rest upon a consideration of the entire evidence in the case, the point suggested should receive serious and careful consideration. But an examination of the transcript discloses the fact that, although from the testimony adduced on behalf of the defendants only, the viewpoint of the appellants in the matter may be correct—from the testimony given by the several witnesses presented by the prosecution "the words, acts and conduct" of the defendants were of such character as to justify the conclusion reached by the jury that at the time stated in the information "it was a bribe that

332

the defendants were seeking''—from which it follows that the point presented by appellants is lacking in substantial merit.

■ Prejudicial error is also predicated upon another instruction by which the jury was told that if it found that "the defendant Lemmer aided and abetted the defendant Elliott" it would become the duty of the jury "to return a verdict of guilty as charged in the first count of the information." The point made by appellants is that the instruction contained nothing to the effect that before a conviction of Lemmer would be justified in the law, it must appear beyond a reasonable doubt that he knowingly and with criminal intent aided defendant Elliott in the commission of the offense of which he was charged. The word "abet" is stronger in its implication than is the word "aid." In the case of *People* v. *Dole,* 122 Cal. 486, 492 [68 Am. St. Rep. 50, 55 Pac. 581, 584], it is said: " . . . A person may aid in the commission of an offense by doing innocently some act essential to its accomplishment. . . . The word 'aid' does not imply guilty knowledge or felonious intent, whereas the definition of the word 'abet' includes knowledge of the wrongful purpose of the perpetrator and counsel and encouragement in the crime. . . . " The clerk's transcript of the record shows that by other instructions given by the court to the jury the rights of defendant Lemmer were fully protected as to the error suggested by him. For example, by one of such instructions the jury was informed that for one person to abet another person in the commission of a criminal offense simply means to knowingly and with criminal intent *aid,* promote, encourage, or instigate by act or counsel, or by both act and counsel, the commission of such criminal offense. The jury was also instructed that before it would become its duty to return a verdict of guilty against defendant Lemmer it must be satisfied that Lemmer "*knowingly and corruptly* aided and abetted the said Orion L. Elliott in said action and conduct."

■ The point that the several instructions are inconsistent one with the other is not supported by any specific statement as to the particular in which the alleged inconsistency exists. In such circumstances it is not deemed the duty of this court to make special examination of the sev-

eral instructions for the purpose of ascertaining the merit of the claim.

As hereinbefore indicated, by count one of the information defendants were charged with the commission of the crime of asking and agreeing to receive a bribe. Appellants here complain of an instruction given by the court to the jury to the effect that "if the defendant Orion Elliott, a policeman, asked for a bribe and was then and there ready and willing to enter into a corrupt agreement or understanding with Leo Holland that his official conduct in and about his arrest for a violation of law should be influenced thereby, it will be the duty of the jury to return a verdict of guilty as charged in the first count of the information; provided you also find the defendant Lemmer aided and abetted defendant Elliott." The objection presented by appellants to such instruction is that it does not harmonize with the accusation and that there was no evidence upon which the instruction might properly have been founded. In neither respect is this court able to agree with such contention. Even conceding the materiality of the question thus presented, it is plain that the information and the instruction are each based upon an identical situation, to wit, the asking and agreeing to receive a bribe. That the evidence introduced shows that but *one* of the defendants actually made the suggestion that he and his brother officer be compensated for their failure to arrest the prosecuting witness for his violation of the traffic ordinance, it is of no prejudice to the rights of either of the defendants, provided, as stated in the instruction, that the jury also find that "defendant Lemmer aided and abetted defendant Elliott."

Appellants assert error in that the trial court gave to the jury the following instruction:

"For one person to abet another person in the commission of a criminal offense, simply means, to knowingly and with criminal intent, aid, promote, encourage or instigate, by act or counsel, or by both act and counsel, the commission of such criminal offense."

In the case of *People* v. *Matezuski*, 11 Cal. App. 465 [105 Pac. 425], this court approved an instruction nearly identical in language with the instruction of which appellants here complain. The only difference between the two instruc-

tions was that, instead of the words "knowingly and with criminal intent" which are contained within the instruction here under consideration, in the Matezuski case the words "and with criminal intent" were omitted. It thus appears that the questioned instruction was more favorable to the defendants herein than was the approved instruction to the defendant in the case to which attention has been directed. ■ Nor is this court in accord with appellants' suggestion that the questioned instruction constitutes an instruction of fact and thus violates section 19, article VI of the Constitution. Its effect is a simple definition of a legal expression for the express purpose of enabling the jury to understand the law relating to the offense charged and the manner of its commission.

■ Finally, it is contended by appellants that the evidence adduced on the trial of the action was insufficient to support the verdict and the judgment. To herein set forth the evidence upon which the judgment depends would serve no useful purpose. Although the witnesses produced by the People, may not have been entirely consistent in some of their several statements of fact, and although the case for the defendants may have presented what might have been taken as satisfactory explanation of their "words, acts and conduct" on the several occasions referred to in the testimony given by the witnesses for the prosecution, nevertheless, the duty of determining where lay the truth rested with the jury. Its conclusion was final. This court is convinced that the evidence was sufficient to support the verdict.

The judgment and the order denying the motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.