[Crim. No. 312. Fourth Appellate District.—September 16, 1935.]

THE PEOPLE, Respondent, v. ROBERT BERKELEY, Appellant.

Roger E. Johnson for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The defendant was accused by information of the crime of first degree robbery. Upon arraignment he pleaded not guilty to the charge and was tried before a jury which returned a verdict finding him guilty of the offense. A motion by the defendant for a new trial was made and denied. Judgment was thereupon pronounced whereby it was ordered that he be punished by confinement in the state prison. This appeal is taken from the judgment of conviction.

Appellant contends that the verdict of conviction upon which the judgment is based is lacking in evidentiary support. Appellant concedes that the rule is well settled that, in a criminal action, the verdict of a jury which is based on conflicting evidence may not be disturbed by an appellate court. He also concedes that the evidence produced during the trial of this action was conflicting. These concessions which are fully justified by the law and by the transcript herein would appear to demand affirmance of the judgment. It is, however, insisted that the evidence produced by the prosecution was so conflicting that its practical effect was to substantiate appellant's defense of an "alibi".

The contention is entirely lacking in merit. The same argument was unsuccessfully urged in the following cases: *People* v. *Matezuski*, 11 Cal. App. 465 [105 Pac. 425]; *People* v. *Metzler*, 21 Cal. App. 80 [130 Pac. 1192]; *People* v. *Hoosier*, 24 Cal. App. 746 [142 Pac. 514]. It was observed in the last

of the above-cited decisions that the effect of a disagreement in the testimony of different witnesses introduced by the same side is simply that a conflict in the evidence is thereby created and that the determination of a jury upon such conflict is as conclusive upon a reviewing court as if the conflict existed in the testimony of witnesses called by the opposing sides of the controversy. Appellant's contention that the effect of the conflict in the testimony of certain witnesses called by the prosecution was to support his defense of "alibi" is a contention which relates solely to the weight of evidence admittedly conflicting. It is too well settled to require the citation of additional authorities that the question of the weight of evidence is one solely for the jury and its determination of the question is conclusive on appeal.

The judgment is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.