El Pueblo de Puerto Rico, demandante y apelado, v. Carmen Delgado, acusada y apelante.

Núm. 6074.—*Sometido:* Noviembre 10, 1936.  *Resuelto:* Noviembre 30, 1936.

*Felipe Colón Díaz,* abogado de la apelante; *R. A. Gómez, Fiscal, y Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Carmen Delgado fué declarada culpable de un delito de hurto menor. No conforme con la sentencia dictada apeló de la misma, alegando que la corte inferior incurrió en error al declarar probado dicho delito, cuando en realidad la prueba tiende a demostrar la comisión de un delito de escalamiento en segundo grado. La verdad es que hubo prueba tendente a demostrar ambos delitos. La acusada, durante el mes de marzo de 1935, aprovechándose de la ausencia de sus vecinos el quincallero Angel Ortiz y su esposa, quienes dejaron su hogar al cuidado de una niña de diez años, penetró en el referido hogar y allí, por medio de ofer-

tas y regalos y hasta de amenazas, consiguió que dicha niña sustrajera y le entregara algunos de los artículos de mercería y quincalla que Ortiz guardaba en un baúl. Los artículos citados fueron encontrados por la policía en poder de la acusada. La defensa no ofreció prueba de descargo alguna.

La acusación imputa claramente un delito de hurto menor. Como hemos apuntado, la prueba tiende a demostrar la comisión de ambos delitos: el de hurto menor, y el de escalamiento en segundo grado. El caso de *El Pueblo* v. *Díaz,* 23 D.P.R. 257, invocado por la apelante, puede distinguirse del presente. En aquel caso este tribunal revocó la sentencia de la corte inferior por la razón de que habiéndose imputado a los acusados el delito de hurto menor, si se probó algún delito fué el de abuso de confianza y no el de hurto imputado en la acusación. En el presente caso la prueba demuestra que la apelante, en distintas ocasiones, penetró en el hogar de Ortiz, donde cometió el delito que se le imputa. Siendo ello así, entendemos que, si se han probado los hechos imputados en la acusación, la sentencia dictada es correcta y debe ser sostenida, aunque surja también de la prueba la comisión de un delito de escalamiento en segundo grado. El hurto no es una parte esencial de este último delito, ni está necesariamente comprendido en el mismo, como ocurre con el homicidio dentro del asesinato. El escalamiento puede cometerse sin que se haya perpetrado hurto alguno. Cualquier persona que penetre en un edificio o estructura con intención de cometer hurto, o cualquier delito grave, incurre en un delito de escalamiento. *People* v. *Garnett,* 29 P. 628; *People* v. *Curtiss,* 76 Cal. 57, 17 P. 941; *People* v. *Devlin,* 143 Cal. 128, 76 P. 900.

En *People* v. *Devlin,* supra, la ·Corte Suprema de California cita con aprobación las siguientes palabras del comentarista Bishop:

"Si durante la noche un hombre penetra en una residencia con la intención de hurtar, y hurta, puede ser castigado por los dos deli-

tos o por uno sólo, a opción del gobierno . . . . '' *Bishop's New Criminal Law,* vol. I, sec. 1062.

En dicho caso la corte llegó a la conclusión de que si el gobierno opta por acusar de un delito de hurto menor, cometido inmediatamente después de penetrar en una casa ajena con intención de hurtar, y se declara culpable al acusado, esto no impide un proceso subsiguiente por el delito de escalamiento.

En el caso de *People* v. *Matezuski,* 105 P. 425, la Corte de Apelaciones de California, segundo Distrito, se expresó así:

"Se alega por el apelante que el veredicto no está sostenido por la evidencia, toda vez que ésta tiende a establecer un escalamiento así como un hurto mayor. Si se concede que el hurto no está incluído en una acusación de escalamiento y que la evidencia de una convicción de uno de estos crímenes no sostiene una defensa de anterior convicción, el jurado puede, sin embargo, determinar, de la evidencia tendente a demostrar ambos delitos, cuál fué realmente cometido. La conclusión es una de hecho y no debe ser alterada si hay evidencia que la apoye."

■■ Se atribuye también a la corte el error de haber declarado culpable a la acusada sin haberse presentado evidencia alguna del valor de los objetos hurtados. En jurisdicciones como la nuestra, donde el delito está dividido en grados y la penalidad para cada grado varía de acuerdo con el mayor o menor valor de los objetos hurtados, debe probarse, cuando se acusa de un delito de hurto menor, por lo menos que los objetos hurtados tienen algún valor.

En el caso de *El Pueblo* v. *Ramos,* 28 D.P.R. 800, se alegó como defensa el no haberse establecido el valor de los objetos hurtados. La sentencia de la corte inferior declarando culpable al acusado de un delito de hurto menor fué confirmada por el fundamento de que habiéndose probado que los objetos valían más de $30 y menos de $100, no era necesario probar el valor exacto de cada uno de ellos.

Las decisiones, sin embargo, difieren en cuanto a si es necesario o no probar de una manera directa y específica en casos de hurto menor que los objetos hurtados tienen algún valor. En algunas jurisdicciones se sostiene que en ausencia de evidencia sobre el particular la corte o jurado no puede hacer presunciones para suplir tal omisión. *Burrows* v. *State,* 137 Ind. 474, 37 N. E. 271.

En *Baker* v. *State,* 200 Ind. 336, 163 N. E. 268, se sostiene que es indispensable presentar evidencia directa y específica para probar que los objetos hurtados tienen algún valor, no pudiendo presumirse este hecho a menos que se trate de moneda legal de los Estados Unidos. En otros estaldos, sin embargo, se ha adoptado un criterio que nos parece más justo y razonable. De acuerdo con esta doctrina, cuando el objeto hurtado tiene valor intrínseco no es necesario aportar evidencia directa y específica, pudiendo la corte o jurado inferir que el objeto tiene algún valor, de una inspección del mismo o de la descripción que hayan hecho los testigos. *State* v. *Gerrish,* 78 Me. 20, 2 A. 129; *State* v. *Nelson,* 91 Vt. 168, 99 A. 881; *Houston* v. *State,* 13 Ark. 66; *Mathews* v. *State,* 26 Ga. App. 41, 105 S. E. 383.

En el presente caso no se presentó evidencia para demostrar que los objetos hurtados tienen algún valor; pero como se trata de artículos de quincalla, como medias, pantalones, camisas, de evidente valor intrínseco, el fallo de la Corte de Distrito de Ponce no debe ser alterado por el hecho de que no se produjera evidencia sobre el valor de los objetos hurtados, los cuales fueron presentados como prueba y descritos además por algunos testigos.

*Debe confirmarse la sentencia apelada.*

El Juez Presidente Señor del Toro no intervino.