THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MANUEL ALVAREZ PADUVANI, Defendant and Appellant.

No. 7888.   Argued January 16, 1940.—Decided January 31, 1940.

*Felipe Colón Díaz* for appellant.   *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The defendant and appellant was convicted of petit larceny because he had "unlawfully, wilfully and maliciously entered Walter McJones school of the said municipality (Villalba) and stole from the water-closet room of the said school a washstand worth ten (10) dollar, which was sold by defendant Manuel Alvarez Paduvani to Gerardo Torres for five (5) dollars, etc."

As ground for the present appeal it is alleged that neither the Municipal Court of Juana Díaz nor the District Court of Ponce, under the facts as charged and the evidence, had jurisdiction of the case. The appellant maintains that the facts as charged constitute the offense of burglary; that the district attorney proved an offense of burglary in the first degree, of which the district court had original jurisdiction but not on appeal from a municipal court.

The evidence introduced by the district attorney shows that the defendant is a plumber by trade; that on instructions from the school director he took down the washstand for some repairs leaving it in the same room; that between midnight and 1 a.m. the defendant was seen by two witnesses coming out of the school carrying a washstand on his head towards the home of Gerardo Torres; that Gerardo Torres bought for $5 a washstand from the defendant who told him that he had bought it in Juana Díaz from a man by the name of Lafaye; and finally that the washstand was found in the possession of Torres and identified by the school principal from the number appearing on it and which tallied with that in the school record.

The evidence for the defendant, consisting of the testimony of Lafaye and another witness, tended to show that the washstand found in Torres' home was the same that the defendant had bought from Lafaye and not the one missing from the school.

The evidence for the prosecution, which was fully believed by the trial court, is to our mind sufficient to sustain a conviction of either petit larceny or burglary. The information filed against the defendant clearly charges him with petit larceny. There is not, therefore, the slightest variance between the allegation and the proof.

It is true that the evidence for the prosecution would also be sufficient to sustain a charge of burglary, if such an offers had been charged in the information.

■■ The crime of larceny is not one of those included within the crime of burglary. Burglary is committed from the moment somebody enters a building or structure with intent to commit larceny or any other serious offense, even though the crime sought to be committed is not consummated. They are two offenses so distinct and separate that a defendant charged only with either of them can not be convicted of the other. See *People* v. *Delgado,* 50 P.R.R. 629; *People* v. *Devlin,* 143 Cal. 128; *People* v. *Matezuski,* 105 P. 425; *Bishop's New Criminal Law,* Vol. 1, sec. 1062.

The judgment appealed from must be affirmed.