El Pueblo de Puerto Rico, demandante y apelado, *v.* Manuel Alvarez Paduvani, acusado y apelante.

Núm. 7888.—*Sometido:* Enero 16, 1940. *Resuelto:* Enero 31, 1940.

*Felipe Colón Díaz,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El acusado apelante fué convicto de un delito de hurto menor, consistente en que "ilegal, voluntaria y maliciosamente penetró en la escuela Walter McJones de la referida municipalidad (Villalba) y sustrajo del cuarto inodoro de la mencionada escuela un lavabo que estaba valorado en diez pesos, $10, que fué vendido por el acusado Manuel Alvarez Paduvani al Sr. Gerardo Torres por la cantidad de cinco pesos, $5, etc."·

Como base del presente recurso de apelación se alega que ni la Corte Municipal de Juana Díaz ni la Corte de Distrito de Ponce, de acuerdo con los hechos denunciados y la prueba, tenían jurisdicción para conocer del caso. Arguye el apelante que los hechos denunciados son constitutivos de un delito de escalamiento; que el fiscal probó un delito de escalamiento en primer grado, del cual podía conocer la corte de distrito originalmente, mas no en grado de apelación de la corte municipal.

La prueba aducida por el fiscal demuestra que el acusado es de oficio plomero; que por orden del Director Escolar desmontó el lavabo para hacerle ciertas reparaciones, quedando el lavabo en el mismo cuarto; que entre las doce y una de la noche, el acusado fué visto por dos

testigos cuando salía de la escuela con un lavabo en la cabeza, hacia la casa de Gerardo Torres; que Gerardo Torres le compró al acusado un lavabo en $5, diciéndole el acusado que se lo había comprado en Juana Díaz a un tal Lafaye; y por último que el lavabo fué encontrado en poder de Torres e identificado por el principal de la escuela, por la numeración que en el mismo aparecía, que corresponde a la que aparece en los records.

La prueba de la defensa, consistente en las declaraciones de Lafaye y otro testigo tendía a demostrar que el lavabo encontrado en casa de Torres era el que el acusado le había comprado a Lafaye y no el que faltaba en la escuela.

La evidencia del Pueblo, a la cual dió entero crédito la corte inferior, es a nuestro juicio suficiente para sostener una acusación de hurto menor o de escalamiento. La acusación formulada contra el acusado le imputa claramente un delito de hurto menor. Hay, pues, perfecta congruencia entre la alegación y la prueba.

Es cierto que la prueba de cargo sería también bastante para sostener una acusación por un delito de escalamiento, si en la denuncia se hubiese alegado la comisión de tal delito.

El delito de hurto no es uno de los comprendidos dentro de una acusación por escalamiento. Y el escalamiento queda consumado desde el momento en que una persona penetra en un edificio o estructura con intención de cometer hurto o cualquier delito grave, aun cuando no llegue a realizar el delito que intentó cometer. Son dos delitos tan distintos y separados, que una persona acusada solamente de uno de los dos, no puede ser convicta del otro. Véanse: *El Pueblo* v. *Delgado,* 50 D.P.R. 658; *People* v. *Devlin,* 143 Cal. 128; *People* v. *Matezuski,* 105 P. 425; Bishop's New Criminal Law, Vol. I, sec. 1062.

*Debe confirmarse la sentencia recurrida.*