[Crim. No. 1348. Fourth Dist. Aug. 21, 1958.]

THE PEOPLE, Respondent, v. CAROL LA GRANGE, Appellant.

Thomas Whelan for Appellant.

Edmund G. Brown, Attorney General, Carl Boronkay and John A. Vander Lans, Deputy Attorneys General, for Respondent.

GRIFFIN, P. J.—Defendant-appellant Carol La Grange was charged jointly with defendants Freshour, Bradley and Vickery and each was convicted by a jury of the crime of manslaughter (viol. Pen. Code, § 192, subd. 2) in that they feloniously, without malice, killed one John Barczuk. Appellant's motion for new trial and application for probation were denied. He, alone, appealed.

Barczuk was a coowner of the Hawaiian Village Inn in Chula Vista. On May 12, 1957, at approximately 2:00 a. m., a Mr. and Mrs. Sumrall, Mrs. Joiner and Mr. Ostberg had been inside the inn until closing time and were standing in front of the restaurant talking when Mr. Barczuk joined them. After a few minutes, a yellow Chevrolet convertible car, owned and driven by defendant Freshour, drove into the Inn parking area, near the main entrance. There were five people in the Chevrolet convertible, Mrs. La Grange was seated in the front seat next to the driver, Freshour. Vickery was on her right. Bradley was seated in the rear seat behind the driver. Apparently, La Grange was seated to his right. They had been drinking at other bars and ended up at this one just before closing time, while decedent and the customers were in conversation in the front. Mr. Ostberg was standing with his back to the parking area. Defendant driver nudged or struck his legs with the bumper of his car. He then backed up two or three feet and again came forward and hit him. Mr. Barczuk started walking toward the driver's side of the car. About that time the doors on both sides of the car "flew open" and two male persons got out of each side. Barczuk remarked "take it easy fellows," and one of the individuals from the car "piled on" him. Defendant Freshour hit Ostberg and some man who got out of the driver's side of the car hit Barczuk in the face. Mrs. Joiner struck defendant Freshour on the head with her purse while he was fighting with Ostberg. Vickery came over and hit her on the side of her nose and cheek. Vickery departed up an alley. Ostberg

came over to help Mrs. Joiner and defendant Freshour got back into the car and suddenly drove away with Mrs. La Grange. Appellant La Grange was left there, still fighting with Barczuk. One Adamek came out of the bar, saw appellant grappling with Barczuk. He saw appellant take hold of Barczuk and push him against a planter box wall with a hard shove. Adamek then took hold of Barczuk and eased him to the ground, believing him to have been stunned or injured. Appellant ran away down the alley.

Barczuk's face was bleeding profusely, he was bleeding from the head, and his left eye was filled with blood. His heart and pulse were beating fast. An ambulance was called, but Barczuk died on his arrival at the hospital. His body showed that his left hand had been bruised on both sides, in the palm and around the knuckle area. Gravel was in and about those bruised areas.

An officer went to the home of Mrs. La Grange's parents and arrested appellant. At that time he had a cut lip and some scratches on his back. Appellant told the officer on May 14th that he, Freshour, Bradley and Vickery were involved in a fight at the Hawaiian Village Inn; that he was knocked down and tried to get away, but somebody got hold of his feet and started dragging him.

An autopsy was performed on May 12th on the body of Barczuk by an autopsy surgeon, revealing that he had several small superficial scratches or abrasions in the region of the bridge of the nose and a small area of bruising immediately over the bridge of his nose. There was also a blood clot on the area of the head in back of the left ear. He found a rupture of the berry aneurysm in the brain. In his opinion "Mr. Barczuk's death was immediately due to the rupture of the aneurysm and the resulting hemorrhage in the subdural, subarachnoid and intraventricular portion of the brain. I believe that in view of the very close time sequence between the alleged blow in the frontal portion of Mr. Barczuk's head and possible rebound blow on the left occipital portion of Mr. Barczuk's head, and the loss of consciousness that occurred following that, that the role of trauma may well have contributed to a great degree in the rupture of this aneurysm." On cross-examination, however, he did testify that although it was his opinion that some force did contribute to the rupture, it was "equally probable that the rupture was spontaneous and due to natural causes." Appellant lays great stress on this portion of his testimony, contending that there was a reasonable

doubt as to whether the death was caused by other than natural causes. The evidence produced and considered in connection with the testimony of the autopsy surgeon sufficiently justifies the finding of the jury in this respect. It was the sole judge of the weight of the evidence. (*People* v. *Berkeley,* 9 Cal.App.2d 197 [48 P.2d 970].)

■ The claim that the evidence was insufficient to sustain the jury's finding that the offense of manslaughter was committed by this appellant is equally untenable. The medical testimony, as well as the facts related by other witnesses, were sufficient to show that Mr. Barczuk's death resulted from the battery committed by the joint acts of appellant and his co-defendants and were sufficient to constitute the crime of involuntary manslaughter. (Pen. Code, § 192, subd. 2; *People* v. *McManis,* 122 Cal.App.2d 891, 898 [266 P.2d 134]; *People* v. *Miller,* 114 Cal.App. 293, 300 [299 P. 742].)

Appellant also argues that the statement of appellant to the officer as to his activities is not rebutted by other evidence and it is, therefore, binding on the prosecution; and that even though he did not take the stand to testify, his statement proved his lack of participation in the affray. ■ The rule of law in this respect is reflected in *People* v. *Acosta,* 45 Cal. 2d 538, 542-543 [290 P.2d 1], where the court remarked:

"The courts may sometimes say that the prosecution is 'bound by' extrajudicial statements of defendant which are introduced by the prosecution and which are irreconcilable with guilt, but this concept is applicable only where there is no other competent and substantial evidence which could establish guilt. (Citing cases.)" See also *People* v. *Silva,* 143 Cal.App.2d 162, 170 [300 P.2d 25].

■ Appellant's statement to the officer was substantially that as the car turned into the Village, an argument ensued; that he was the third person to get out of the car; that a fight started; that when he got out of the car, someone knocked him down and dragged him; that he finally tried to get away and finally did do so. Nowhere is it stated affirmatively that he took no part in the assault upon Mr. Barczuk with his companions. On the contrary, he admits jumping out of the car when the fight started. There is nothing in this claimed statement that is necessarily irreconcilable with appellant's guilt.

■ The last complaint involves appellant's instructions offered and refused. Without specific enumeration, appellant claims the evidence as to him merely shows that Barczuk's death was the result of an unavoidable accident or that the

homicide was excusable, and he was entitled to a proffered instruction on those subjects. Citing *Parker* v. *Womack,* 37 Cal.2d 116, 120 [230 P.2d 823] ; *People* v. *Hampton,* 96 Cal. App. 157, 158, 159 [273 P. 854] ; *People* v. *Carmen,* 36 Cal. 2d 768, 773 [228 P.2d 281]; Pen. Code, §§ 195 and 199; CALJIC 71-E. The claims of appellant that the death of the decedent was unavoidable or that the homicide was excusable under section 195 of the Penal Code, *supra,* does not have substantial evidentiary support. ██ The trial judge in a criminal case is only required to instruct the jury on the law relating to the facts established in the case and on matters vital to a proper consideration of the evidence. (*People* v. *Buffum,* 40 Cal.2d 709, 724 [256 P.2d 317] ; *People* v. *Putnam,* 20 Cal.2d 885, 890 [129 P.2d 367]; Pen. Code, § 1127.) ██ The jury was informed of the charge against appellant (manslaughter), was fully and fairly, by other instructions, informed as to the necessary elements of the offense, the law in respect to the burden of proof, aiding and abetting, and the right of self-defense. Under the facts presented, we conclude no prejudicial error resulted. (*People* v. *Wright,* 167 Cal. 1 [138 P. 349] ; *People* v. *Green,* 13 Cal.2d 37, 44 [87 P.2d 821] ; *People* v. *Young,* 70 Cal.App.2d 28, 37 [160 P.2d 132].)

The other instructions offered on the question of proximate cause and reasonable doubt as to identity of persons, were sufficiently covered by other given instructions. No prejudicial error appears in the refusal of the court to give appellant's other proffered instructions.

Judgment and order affirmed.

Mussell, J., and McCabe, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.